## EX PARTE JOHN WALTON.

No. 19480. Delivered November 24, 1937.
Rehearing Denied January 26, 1938.

The opinion states the case.

*Currie McCutcheon* and *Bruce Graham,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Upon requisition of the Governor of California the Governor of this state issued a warrant authorizing the arrest of relator and his return to the State of California as a fugitive from justice. Thereafter relator filed an application for a writ of habeas corpus on the allegation that he was illegally restrained of his liberty. The writ was awarded and after a hearing relator was remanded to custody. Hence this appeal.

The warrant of the Governor of Texas recites that the relator stands charged by indictment in the State of California "with the crime of robbery, first degree." The evidence adduced upon the hearing shows that the prosecution was initiated by indictment and pursued to a judgment of conviction. Under the circumstances, the relator stands "charged" within the meaning of the Constitution of the United States. Ex parte Haynes, 267 S. W., 490.

There is no merit in relator's contention that the warrant of the Governor of this state is insufficient in failing to state that relator was under conviction in the State of California. The warrant does state that he stands charged by indictment. See Ex parte Coleman, 113 S. W., 17.

It appears from the testimony adduced upon the hearing that the relator had been paroled after serving part of his

sentence. Thereafter the Board of Prison Terms and Paroles of the State of California revoked the parole and ordered the return of relator to the San Quentin prison. The particulars in which the parole had been violated were set forth in the order of revocation. Relator contends that the question of the authority of the board to revoke said parole should be reviewed in this proceeding. This contention cannot be sustained. We quote from Ex parte Redwine, 236 S. W., 96, as follows:

"If the terms of the grant, expressly or by necessary implication, make any other authority than the courts the arbiters of the question as to when the conditions of the grant have been violated, then the prisoner's quarrel lies not with the courts for refusing to assume jurisdiction, but with the Governor, when he made the terms of the grant, and the prisoner himself when he accepted them."

See Ex parte Sparks, 234 S. W., 393.

The judgment remanding relator to custody is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We find nothing in the opinion in Hyatt v. N. Y., ex rel Corkran, 188 U. S., 691, 47 L. Ed., 657, or in Ex parte Hogue, 112 Texas Crim. Rep., 495, 17 S. W. (2d) 1047, in conflict with our original opinion herein. Relator was under conviction in the State of California, and had violated the terms of a parole granted him, whereupon the parole was revoked. Nothing appears which would legally stand in the way of his return to that state upon the demand of the Governor thereof.

Relator's motion for rehearing is overruled.

*Overruled.*