## EX PARTE JIM SULLIVAN.

No. 22802. Delivered February 9, 1944.

The opinion states the case.

*Fryer & Milstead,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

After a hearing in habeas corpus proceeding the District Judge of the 34th Judicial District remanded appellant to the custody of the sheriff, from which judgment this appeal is prosecuted .

Appellant was convicted in the State of Oregon on October 8, 1938, of the offense of robbery, and sentenced to serve seven years in the penitentiary of that state. On June 1, 1942, appellant was granted a conditional parole liberating him on the conditions therein specified. On September 25, 1942, said parole was revoked by the Governor of the State of Oregon because appellant had violated the conditions of the parole. A warrant was issued for the re-arrest of appellant to serve the unexpired term of his sentence. Appellant was not re-arrested under said warrant. Thereafter, and prior to May 18, 1943, appellant was convicted in the U. S. District Court at Phoenix, Arizona, of a violation of a Federal offense and sentenced to serve one year's imprisonment. Upon said May 18, 1943, appellant was transferred by Federal authorities to the Federal Correction Institution at La Tuna, Texas, to serve the remaining part of said one-year term. On December 3, 1943, a complaint was duly filed before a magistrate of El Paso County charging that appellant was a fugitive from the State of Oregon by reason of the unserved portion of the seven-year sentence for robbery. A warrant of arrest was issued by the magistrate upon the fugitive complaint, and the sheriff of El Paso County arrested appellant thereon at the Federal Correction Institution upon the termination of the one-year sentence imposed in Arizona. Appellant was not at liberty in Texas between the time he completed the said one-year sentence and the time of his arrest under the fugitive complaint. Appellant obtained a writ of habeas corpus, claiming that he was illegally held by the sheriff. The latter replied that he was holding appellant under the fugitive warrant issued by the magistrate. Before the habeas corpus

hearing an extradition warrant was issued by the Governor of Texas directing that appellant be delivered to a designated person to be returned to the State of Oregon. The sheriff amended his return, stating that he was then holding appellant under the extradition warrant, whereupon the District Judge remanded appellant to the custody of the sheriff.

We have not been favored with a brief from appellant and therefore are without information as to the grounds upon which appellant questions the validity of the trial judge's order remanding him. The case of Ex parte Walton, 133 Tex. Cr. R. 534, 112 S. W. (2d) 467, seems to support the court's action. Nothing in the record has been called to our attention which would authorize this court to interfere with the return of appellant to the State of Oregon.

The judgment of the trial court is affirmed.