No. 16,315.

MARSOLAIS *v.* DE ANGELIS.
(215 P. [2d] 315)

Decided February 14, 1950.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. RAYMOND B. DANKS, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

In July of 1949, the Governor of the State of Colorado granted the request of the Governor of the State of Massachusetts for extradition of plaintiff in error. Immediate application for a writ of habeas corpus was made to the district court of the City and County of Denver, the writ issued and hearing was had on the return thereto. The court dismissed the petition and ordered that the plaintiff in error be remanded to the custody of the agent from Massachusetts. Upon proper application, various stays of execution have been allowed and supersedeas granted upon the posting of bond.

Plaintiff in error prosecutes a writ of error, and specifies four points for reversal. His contention may be summarized as follows: That the extradition papers should include a copy of a warrant for the arrest of plaintiff in error issued by the Massachusetts authorities; that it does not appear from the record that plaintiff in error is a fugitive from justice.

Among other exhibits, the record discloses the demand of the Governor of Massachusetts for extradition of plaintiff in error as a fugitive from justice; a copy of the indictment charging plaintiff in error with crime in the commonwealth of Massachusetts; and the copies authenticated by the proper officials of Massachusetts.

The indictment of plaintiff in error is for nonsupport of wife and minor children and was returned in a superior court of Boston, Massachusetts, on January 9, 1948. On January 28, 1948, plaintiff in error entered a plea of guilty to the indictment and was placed on probation for six years. The record indicates that on the same day or immediately thereafter, plaintiff in error left the State of Massachusetts apparently without the consent of the probation officials. On November 23, 1948, after showing to the superior court that plaintiff

in error had defaulted, the court ordered that warrant issue for his arrest, that he might be brought before the court to answer the indictment. The defendant being out of the state, the warrant was returned unserved, and, on June 29, 1949, the Governor of Massachusetts issued his request to the Governor of Colorado for extradition.

Plaintiff in error agrees that extradition may issue for the offense of nonsupport and also may issue for a violation of the terms of probation. Section 2 (2), Article IV United States Constitution is, "A person charged in any state with treason, felony or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

Section 662, title 18, U. S. C. A., provides that when the demand of the executive authority of a state is accompanied by a copy of the indictment charging the person with crime and such copy has been authenticated by the proper officials, the executive authority of the state to which the person has fled shall cause his arrest and delivery to the agent of the demanding state. It would appear from the record here that these requirements have been met, although plaintiff in error makes the contentions hereinbefore set out, and concedes that it may be contended that his grounds are technical. We believe they are.

Almost one year passed after the plea of guilty and probation, before action was taken in the court having jurisdiction, and on November 23, 1948, default was entered against plaintiff in error and warrant issued. A copy of this warrant appears in the record. However, we do not find that it is a requirement of the federal extradition provision. Plaintiff in error makes complaint as to the authority of the assistant clerk; however, he failed to make a showing of the applicable laws of Massachusetts to the trial court, and we believe

that this minor technicality cannot offset the effect of the other required documents which were supplied and accompanied the request.

■ Plaintiff in error further contends that it does not appear that he is a fugitive from justice. The record discloses that he left Massachusetts on about the date he pleaded guilty and was granted probation. In the absence of anything to the contrary, we must assume the regularity of the procedure of the Massachusetts court leading up to the request for extradition. Plaintiff in error has made no showing that he has complied with the terms of the probation, or that the probation was unconditional. There is no showing on either side that the probation has been revoked, in which case the plaintiff in error, if he has violated any terms of the probation, is subject to be sentenced upon his plea of guilty, and upon his return to the State of Massachusetts if his probation is revoked without a hearing, then his objections may be timely, since he contends that he must have a hearing on the matter involved. No one seems to contend with him about that right. However, his voluntary absence from the jurisdiction of the court has, to date, prevented any hearing on the revocation question.

■ If plaintiff in error wanted to successfully oppose this extradition and have his freedom under the writ of habeas corpus, then it was incumbent upon him to show that the terms of the probation, if any, had been complied with or that there were no terms of the probation to be broken. In the absence of such showing, he may be extradited as a fugitive from justice.

■ We believe that the requirements of the extradition laws have been met in this case, and the judgment of the trial court, dismissing the petition, was right.

Judgment affirmed.