No. 17,849.

JIMMIE ELLES SELF *v*. PEOPLE OF THE STATE OF COLORADO.
(297 P. [2d] 887)

Decided May 28, 1956.

Mr. GEORGE K. THOMAS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. Hickey, Deputy, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

ON September 8, 1955, plaintiff in error, herein referred as to Self, or petitioner, filed in Denver District Court a Petition for a writ of Habeas Corpus, entitled "The People of the State of Colorado v. Jimmie Elles Self, defendant." Obviously Self, the plaintiff in error, was the petitioner and the People of the State of Colorado, defendant in error, was respondent. We shall so refer to the parties.

The instant case arose because the Governor of Colorado granted a Requisition for the extradition of Self to California. The sufficiency of the requisition and the

accompanying documents is not disputed. The documents forwarded to the Chief Executive of Colorado disclosed that Self stood convicted of the crime of grand theft, a felony; that he had two prior convictions of felony in Los Angeles County, California; that Self had been paroled; that it had been made to appear to the satisfaction of the Governor of California that Self had violated the terms of his parole, fled from the justice of the State of California and had taken refuge in the State of Colorado. It is undisputed that the sentence imposed on Self had not expired and that on July 15, 1955, his parole was suspended by the proper California authority and Self ordered returned to prison to complete the five-year sentence theretofore imposed. The parole authority in California further determined that while in Denver, Colorado, Self violated the terms of his parole, having been tried and convicted of drunkenness and assault; that he failed to cooperate with his parole officer and the California Division of Adult Paroles, and that his behavior and attitude on parole did not justify the privilege of parole. From the duty authenticated and not disputed documents in this case, submitted by the Governor of California, it appears that Self pleaded guilty to the charge of grand theft and that he admitted the prior convictions. The trial court, after hearing, denied the writ and Petitioner brings the cause here on writ of error.

Two letters written by James P. Eakins, Supervisor of the Colorado State Department of Parole, appear in the record. One is addressed to the trial judge, the other, at a later date, is addressed to the Assistant District Attorney who handled the instant case in the trial court. These communications detailed Self's actions in this state, and his conviction of drunkenness and assault. The record discloses that these letters were "filed and entered of record" in the trial court. Counsel for petitioner moved to strike these communications from the file, which motion was denied. Counsel's objection was "The

only issue is whether or not the Governor exceeded his jurisdiction in issuing the warrant, and these letters go to the jurisdiction of the California parole board." It does not appear that the letters were received in evidence upon the hearing, and as they contained nothing contrary to what was stated in the Requisition and the supporting documents, no prejudicial error was committed by the court in declining to strike them from the files.

From an examination of the pertinent authorities we are satisfied that it was not only within the power and authority of the Governor of Colorado to issue his warrant, but it was his duty to do so on the record submitted. The record discloses that Self had been convicted of grand theft and two other felonies, had been sentenced and paroled, and was still under sentence; that because of his subsequent conduct the proper California authority had revoked his parole and demanded his return to California. He was then a fugitive from the justice of California, 35 C.J.S. 327, 328, Section 10b (2); *Ohrazada v. Turner,* 164 Kan. 581, 190 P. (2d) 413; *Ex Parte Foster,* 60 Okla. Crim. 50, 61 P. (2d) 37; *People ex rel Westbrook v. O'Neill,* 378 Ill. 324, 38 N.E. 2d 174; *Reed v. Colpoys,* 99 F. 2d 396, 69 App. D. C. 163, Certiorari denied 305 U. S. 598.

In *Marsolais v. De Angelis,* 121 Colo. 299, 215 P. (2d) 315 we affirmed a decision of the district court discharging a writ of habeas corpus and remanding the Petitioner to the custody of an agent from Massachusetts. There, the Petitioner had been convicted in the state of Massachusetts, placed on probation and came to Colorado.

The warrant of the Governor of the asylum state merely implements the proceedings which are based on the requisition from the demanding state. In the instant case the requisition and its supporting documents were before the trial court. *Harris v. State,* 257 Ala. 3, 60 S. 2d 266 was a case where the Governor of the asylum state

in his warrant stated that the accused "is charged by *Accusation.*" This error was held not to void the proceeding, the court stating:

"We think, then, the rule in Alabama should be consonant with the weight of authority to the effect that if the rendition warrant is defective but is accompanied by allied papers, either on the return to the writ of habeas corpus or introduced on the trial, which when taken together with the warrant, show that the executive of the asylum state did in fact have before him the necessary jurisdictional matters, viz. the documents required for the issuance of the warrant, then the prisoner is not illegally restrained.

See, also, 22 Am. Jur. 289, Section 51.

We have examined the supporting documents and fail to find any insufficiency therein. The claimed insufficiency of the warrant issued by the Governor of Colorado was never presented to the trial court and is here urged for the first time. We find no merit therein.

█ It was aptly said by Mr. Justice Rossman in his concurring opinion in *Ex-parte Anderson,* 191 Ore. 409, 229 P. (2d) 633:

"When a prisoner is granted a parole under the statute before us, the privileges which he thereby secures are subject to summary termination; that is, they run for no fixed term whatever. They do not even extend to a day for a hearing, for the act under which the parole privileges were granted requires no hearing prior to revocation. In short, a parolee has no vested rights in the privileges afforded by his parole. The very statute under which the parole was granted authorizes its summary destruction." Most of the matters here urged by counsel for petitioner are fully discussed in the Anderson case.

In the instant case Self accepted the terms imposed when he paroled. Among these he agreed to conduct himself as a "good citizen," and to "comply with all municipal, county, state and federal laws, ordinances and orders" and that he would not "possess or consume"

alcoholic beverages in excess; and that he would at all times "cooperate with" the Parole officer and the Bureau of Paroles and that his "behavior and attitude must justify the opportunity granted you by this parole." Self also agreed in writing as follows:

"I do hereby waive extradition to the State of California from any state in the Union and from any territory or country outside the continental United States, and also agree that I will not contest any effort to return me to the United States or to the State of California. * * * I fully understand the penalties involved should I in any manner violate the foregoing conditions."

■ Self is not sought to be extradited for the violation of a Colorado parole, but for the crime committed in in California and a violation of his parole under the applicable laws of that state. Clearly the record before us shows that Self violated the conditions of his parole, but whether he violated them or not is a matter which could not be considered either by the trial court or by this court. The guilt or innocence of the alleged fugitive may not be considered in extradition matters. 22 Am. Jur. 281, Section 44; C.R.S. '53, 60-1-20 so provides. The state which granted and revoked the parole is the only one which has jurisdiction to consider the question of whether or not the accused violated his parole. *Ex parte Williams,* 10 Okla. Cr. 344, 136 Pac. 597, 51 L.R.A. (N.S.) 688; *Ex parte Walton,* 133 Tex. Cr. R. 534, 112 S.W. 2d 467; *Ex parte Foster,* 60 Okla. Cr. 50, 61 P. (2d) 37; *Ex parte Burnett,* 78 Okla. Cr. 93, 144 P. (2d) 126. Counsel for petitioner took this position in the trial court. He there stated with reference to the Eakins letters: "* * * and these letters go to the merits of the parole matters which are subject only to the jurisdiction of the California parole board."

■ The petition filed by Self lacks any allegation of fact or even a conclusion of law to the effect that he was not charged with crime and was not a fugitive from justice as stated in the California requisition.

530

To summarize: The requisition and its supporting documents disclose that at the time of the issuance of the rendition warrant by the Governor of Colorado, and at the time Self was arrested he was in Colorado on parole under an unexpired sentence for conviction of a felony in the State of California; that his parole had been revoked and his extradition to California demanded by that state, hence he was a fugitive from the justice of California. None of these facts were denied in the petition for the writ of habeas corpus.

■ While there may be some recitals in the rendition warrant issued by the Governor of Colorado, which are at variance with the facts as stated in the requisition, these did not void the warrant, moreover any insufficiency of the warrant because of such variance was not properly raised in the trial court, where an opportunity for correction would have been available.

We conclude that the demand for extradition by the State of California was in all respects proper as shown by the requistion and accompanying documents and petitioner failing to present anything to overcome the presumption of validity, the trial court was correct in its ruling that petitioner was not entitled to his release under the writ of habeas corpus.

Perceiving no prejudicial error in the record, the judgment is affirmed.