No. 18,138.

LELAND D. TRAVIS *v.* PEOPLE OF THE STATE OF COLORADO.
(308 P. [2d] 997)

Decided March 25, 1957.

Mr. RICHARD B. FOLEY, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as Travis, seeks reversal of a judgment discharging a writ of habeas corpus issued by the district court on his petition which alleged: that he, Travis, "has been illegally arrested and confined" and "has not been charged with any crime or other offense and all proceedings in this matter are void and without legal effect." The arrest was made upon an extradition warrant from the state of Kansas.

It appears from the record that Travis was convicted of "second degree forgery" in the state of Kansas and served a few months over four years for this offense. He was paroled in October 1955, and on July 31, 1956, the Kansas Board of Penal Institutions declared Travis to be delinquent for violation of his parole. An order for his arrest was issued and Travis was subsequently found in Colorado. Application for his extradition was made by the Governor of Kansas to the Governor of Colorado and the Chief Executive of this state issued his warrant. Thereupon Travis applied for a writ of habeas corpus. The writ was issued and on hearing discharged and Travis remanded to custody. The sole question presented is whether the record justified a discharge of the writ.

It is contended that the extradition papers do not con-

tain a copy of an indictment or an affidavit charging Travis with a crime, or a "legally" sufficient copy of an information which may be substituted for such indictment or affidavit. It is also contended that the record does not disclose that Travis violated any of the provisions of his parole; that he was not a fugitive from Kansas, and that his detention and confinement pending the arrival of extradition papers was void.

There is no contention that any of the documents "certified as authentic" by the Governor of Kansas are spurious. In the absence of such a showing the certification by the Governor is sufficient. *State v. Remann,* 165 Wash. 92, 4 P. (2d) 866. See, also, 78 A.L.R. 412 and the annotation to the Remann case.

■ A person remains charged with crime while the judgment of conviction remains unsatisfied, hence where a charge of crime has resulted in a conviction, the record of such conviction is sufficient evidence in extradition proceedings. The sufficiency of affidavits preliminary to the original criminal complaint or indictment are immaterial. *Marsolais v. De Angelis,* 121 Colo. 299, 215 P. (2d) 315; *Self v. People,* 133 Colo. 524, 297 P. (2d) 887. Each of these cases involved petitioners who had been placed on probation or parole.

In *State v. Remann, supra,* it is said:

". . . No narrow or strained construction should be placed upon the word 'charged' as used in the constitution in the federal statute. It is broad enough to include all classes of persons duly accused of crime. A person can be said to be 'charged' with crime as well after his conviction as before. The conviction simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a 'charge' within the true intent and meaning of the constitution. An indictment or affidavit merely presents the charge, while a conviction proves it. To warrant extradition the statute requires an indictment or affidavit charging a crime, but if, in addition thereto, there is also presented a record of

conviction, the case is not weakened but rather strengthened. The public purpose to be effected by extradition must be taken into consideration in determining the question. Its object is to prevent the successful escape of all persons accused of crime, whether convicted or unconvicted, and to secure their return to the state from whence they fled, for the purpose of punishment. It is invoked to aid the administration of criminal justice, and to more certainly insure the punishment of the guilty. The construction contended for by the prisoner's counsel would defeat the ends of justice in many instances, and it is conceded that there is no express decision favoring it . . ."

The very purpose of extradition would be defeated by any other holding. Our statute C.R.S. '53, 60-1-3, recognizes that a judgment, conviction or sentence is sufficient to support extradition.

*Self v. People, supra,* is authority that courts will not concern themselves with the question of whether the petitioner for a writ of habeas corpus has in fact violated his parole. It was there said:

"Clearly the record before us shows that Self violated the conditions of his parole, but whether he violated them or not is a matter which could not be considered either by the trial court or by this court. * * * The state which granted and revoked the parole is the only one which has jurisdiction to consider the question of whether or not the accused violated his parole."

■ We consider it to be Hornbook law that a convicted individual may be extradited as a fugitive when he, prior to the revocation of parole, seeks asylum in the state from which he is sought to be extradited. "The paroled prisoner is declared to be a fugitive from justice on the ground that he is a convict whose time has not expired and who, therefore, is charged with crime under the United States Constitution. 22 Am. Jur. 264, Sec. 25.

In the Marsolais case, supra, this court affirmed a decision of the district court discharging a writ of habeas

corpus in an extradition proceeding and remanded the petitioner to the custody of the agent from Massachusetts, where the petitioner had been convicted in Massachusetts, placed on probation and was found in the state of Colorado.

From this record it cannot be contended that Travis was not convicted, sentenced to the penitentiary in Kansas, and paroled before his full term had expired. For reasons not material here his parole was terminated and this proceeding in extradition followed. Travis admits that such is the case and seeks release on the technical grounds above indicated.

"The constitutional provision regarding extradition from one state to another was adopted to promote justice, to aid the states in enforcing their laws, and not to shield malefactors. The Supreme Court of the United States has emphatically announced its adherence to the doctrine that a faithful and vigorous enforcement of the provisions relating to fugitives from justice is vital to the harmony and welfare of the state, and that, while a state should take care that the rights of its people are protected against illegal action, both it and the judicial authorities throughout the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." *People v. Enright,* 184 NYS 248.

The fact that Travis was held for a number of days in the Denver jail pending receipt of the demand from Kansas cannot avail petitioner in this proceeding. Conceding that the original detention was not based on a warrant, he cannot oppose proper extradition proceedings on this ground. In 35 C.J.S., p. 330 we find this significant language: "The fugitive cannot, in opposition to proper extradition proceedings, urge the fact that his original arrest of detention was illegal, once proceedings have been instituted, it is too late to claim that the preliminary detention was illegal." See, also, *People*

*v. Meyering,* 355 Ill. 456, 189 N.E. 494; *Ex Parte Sloan,* (Tex.), 106 S.W. 2d 271; *Loper v. Dees,* 210 Miss. 402, 49 S. 2d 718; *Stallings v. Splain,* 253 U.S. 339.

We conclude that in habeas corpus proceedings involving extradition the courts cannot consider the legality of the preliminary detention in the asylum state, neither can they consider the question of whether or not the petitioner has violated his parole. We find nothing irregular in the documents submitted to the Governor of Colorado by the Chief Executive of Kansas and as stated the record discloses that Travis is a fugitive from Kansas. Having been found in this state the Governor of Colorado may honor the extradition, and habeas corpus is unavailing to halt the petitioner's return to the state from whence he came.

The judgment is affirmed.