No. 18,232.

HARRY C. TINSLEY, WARDEN ET AL. *v.* ROY A. WOODS
(313 P. [2d] 1006)

Decided August 5, 1957.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Defendant in error was the petitioner in the trial court. He has not appeared in these proceedings on error. Plaintiff in error Charles Canterbury, Sheriff of Fremont County, is the only respondent remaining a party in the case here. The other respondent, warden of the state penitentiary, was dismissed by agreement of the parties as not being involved in the controversy.

We will refer to the parties as they appeared in the trial court or by name.

Roy A. Woods, alias Guy E. Long, petitioned for a writ of habeas corpus in the district court of Fremont County, seeking release from the custody of the sheriff of that county, who held him on a warrant of the Governor of the state of Colorado for extradition to the state of Kansas on demand of the Governor of that state. After hearing, which consisted of brief testimony by the petitioner Woods and argument on the sufficiency of the documents in extradition, the court held:

"That the proceedings for extradition of the above named Petitioner, including the application for requisition for extradition therefor, and all documents and papers thereto attached are defective and insufficient * * * that the Petition of the said Roy A. Woods, also known as Guy E. Long, for his release is sufficient and has been established, and that the Petitioner is entitled to his liberty and should be released and discharged from custody."

Motion for new trial was dispensed with, and the sheriff, through the Attorney General, seeks review of the judgment.

Nowhere in the court's "Order and Judgment" is there a statement as to which of the documents involved in the extradition proceedings are defective. We have examined them all and find that the documents submitted in

592

support of the requisition of the Governor of Kansas disclose:

1. That in 1931, petitioner was convicted of bank robbery and sentenced to serve not less than 10 years nor more than 50 years in the Kansas State Penitentiary.

2. That in 1937, he was placed on parole which parole was revoked in 1940, at which time he owed 27 years, 3 months, 19 days.

3. That again in 1943, he was placed on parole, which was revoked in 1951, at which time he owed 19 years, 2 months, 1 day.

■ They include the information upon which the original conviction was predicated; mittimus committing him to the state penitentiary in Kansas; his subsequent paroles and parole agreements; delinquency notices certifying that he had violated his parole and a warrant for his apprehension as a fugitive. All of the documents are certified by the Governor of Kansas "to be authentic and duly authenticated according to the laws of the State of Kansas." There is no contention that any of the documents authenticated by the Governor of Kansas are spurious. In the absence of such a showing, the Governor's certificate is sufficient. *Travis v. People,* 135 Colo. 141, 308 P. (2d) 997.

■ A person remains charged with crime while a judgment of conviction remains unsatisfied, and the record of such conviction is sufficient evidence in extradition proceedings. *Travis v. People, supra; Marsolais v. DeAngelis,* 121 Colo. 299, 215 P. (2d) 315; *Self v. People,* 133 Colo. 524, 297 P. (2d) 887. Whether petitioner has in fact violated his parole, is of no concern in the courts of the asylum state. *Self v. People, supra; Travis v. People, supra.*

By mere coincidence *Travis v. People, supra,* decided by this court March 25, 1957, also involved extradition to the state of Kansas. There the lower court sustained the sufficiency of the documents, and this court affirmed the judgment. In commenting upon the sufficiency of

the documents which are identical with the documents in this case, the court said:

"It appears from the record that Travis was convicted of 'second degree forgery' in the State of Kansas and served a few months over four years for this offense. He was paroled in October, 1955, and on July 31, 1956, The Kansas Board of Penal Institutions declared Travis to be delinquent for violation of his parole. An order for his arrest was issued and Travis was subsequently found in Colorado. Application for his extradition was made by the Governor of Kansas to the Governor of Colorado and the Chief Executive of this state issued his warrant. Thereupon Travis applied for a writ of habeas corpus * * *."

In the case at bar, Wood was convicted of bank robbery, was paroled April 20, 1943, and declared delinquent January 16, 1951. All of the other facts are the same, namely: The order for his arrest, subsequent discovery in Colorado, application for extradition, and the warrant issued by the Governor of the State of Colorado. In *Travis v. People, supra,* the court said:

"The very purpose of extradition would be defeated by any other holding. Our statute C.R.S. '53, 60-1-3 recognizes that a judgment, conviction or sentence is sufficient to support extradition."

The court in *Travis v. People, supra,* cites with approval *People ex rel. MacSherry v. Enright,* 112 Misc. 568, 184 N.Y. 248, 253, and quotes therefrom:

"The constitutional provision regarding extradition from one state to another was adopted to promote justice, to aid the states in enforcing their laws, and not to shield malefactors. The Supreme Court of the United States has emphatically announced its adherence to the doctrine that a faithful and vigorous enforcement of the provisions relating to fugitives from justice is vital to the harmony and welfare of the state, and that, while a state should take care that the rights of its people are protected against illegal action, both it and the judicial

authorities throughout the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted, as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state."

Paraphrasing the holding in *Travis v. People,* *supra,* we find nothing irregular in the documents submitted to the Governor of Colorado by the Chief Executive of Kansas and as stated the record discloses that Woods is a fugitive from Kansas. Having been found in this state the Governor of Colorado may honor the extradition, and habeas corpus is unavailing to halt the petitioner's return to the state from whence he came.

The judgment is reversed and the cause remanded with directions to discharge the writ of habeas corpus and remand petitioner to the custody of the Sheriff of Fremont County.