No. 18,827.

EVERETT LYLE *v.* WALTER KIEBACK.
(337 P. [2d] 392)

Decided March 30, 1959.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was petitioner in the trial court, and we will refer to him as such.

He filed a petition for habeas corpus to test the sufficiency of extradition papers. The writ issued, and after hearing thereon the writ was discharged and petitioner remanded to custody.

Petitioner was an escapee from the state penitentiary of Missouri on July 22, 1956, where he was serving a sentence of life imprisonment after conviction of the crime of murder in the first degree. The conviction had been affirmed by the Supreme Court of Missouri. Having been found in the state of Colorado in the month of June 1958, the petitioner was taken into custody and his extradition was demanded by the governor of the state of Missouri. In response to that demand, the governor of Colorado issued the warrant of extradition.

Petitioner relies on but one ground for sustaining the writ of habeas corpus, to-wit: that the "Affidavit for Justice's State Warrant" was not certified or authenticated. A search of the record reveals that the affidavit referred to herein was made the basis of an information upon which the defendant was originally

charged. Subsequently he was tried, convicted, and his conviction upheld by the highest court in the state of Missouri. The records of the court in which the defendant was convicted and sentenced were duly authenticated and the entire record, including the information and affidavit, were authenticated by the governor of the state of Missouri. We believe that a complete answer to the contentions of petitioner is contained in recent decisions of this court. *Self v. People,* 133 Colo. 524, 297 P. (2d) 887; *Travis v. People,* 135 Colo. 141, 308 P. (2d) 997; *Tinsley v. Woods,* 135 Colo. 590, 313 P. (2d) 1006.

We quote with approval the holding in *Travis v. People,* supra:

"There is no contention that any of the documents 'certified as authentic' by the Governor of Kansas are spurious. In the absence of such a showing the certification by the Governor is sufficient. *State v. Remann,* 165 Wash. 92, 4 P. (2d) 866. See, also, 78 A.L.R. 412 and the annotation to the Remann case.

"(1) A person remains charged with crime while the judgment of conviction remains unsatisfied, hence where a charge of crime has resulted in a conviction, the record of such conviction is sufficient evidence in extradition proceedings. *The sufficiency of affidavits preliminary to the original criminal complaint or indictment are immaterial. Marsolais v. De Angelis,* 121 Colo. 299, 215 P. (2d) 315; *Self v. People,* 133 Colo. 524, 297 P. (2d) 887. * * * " (Emphasis supplied.)

Similar language is to be found in the other cases cited above.

The judgment of the trial court is affirmed.

MR. JUSTICE SUTTON does not participate.