Opinion by
Mr. Justice Groves.
This is an extradition case. The plaintiff in error will be referred to as the petitioner. The district court ordered that he be returned to Kansas, the demanding state, to commence serving a prison sentence. We affirm.
The petitioner was convicted of third degree forgery and another offense. He appealed the convictions to the Kansas Supreme Court. Upon the posting of bond the execution of sentence was stayed pending the appeal. The conviction was affirmed by the Kansas Supreme Court on July 13, 1968; and on August 16, 1968, it issued mandate to the Kansas trial court to order execution of the sentence. On September 5, 1968, the Kansas trial court ordered his bond forfeited for failure to present himself to the court or the sheriff for execution of the sentence and ordered a warrant issued for petitioner’s arrest. A demand for extradition was made by the Governor of Kansas and honored by the Governor of Colorado.
The petitioner urges that he should not be extradited for two reasons: (1) that the requisition from the Governor of Kansas does not comply with C.R.S. 1963, 60-1-3; and (2) that he did not violate any of the conditions of his bond.
The portion of C.R.S. 1963, 60-1-3 material here reads as follows:
“Form of demand. — No demand for the extradition of *488 a person charged with crime in another state shall be recognized by the governor unless . . . accompanied by ... a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed... has broken the terms of his bail. ‘..”
The petitioner is claiming that there is no statement by the Kansas Governor that the petitioner had broken the terms of his bail. The first page of the requisition, which is the formal demand from the Governor of Kansas, states that Davis “stands convicted and under sentence . .. and fled from justice.” Included within the requisition are copies of the mandate of the Kansas Supreme Court and the order for forfeiture of bond and alias warrant issued by the Kansas trial court. All of these documents are certified by the Governor of Kansas to be authentic and duly authenticated according to the laws of Kansas. The order recites in part as follows:
“WHEREAS, the defendant has not appeared before this Court or presented himself to the Sheriff of Sedgwick County, Kansas to abide the judgment of this Court and the Supreme Court of the State of Kansas. This Court thereby orders his bond forfeited and further orders a warrant issued for said defendant.”
 The petitioner correctly states that under Colorado law the extradition statutes must be strictly construed as they are in derogation of the common law. Nevertheless, we conclude that the documents certified by the Governor of Kansas, together with his demand, sufficiently comply with our statute requiring “a statement by the executive authority of the demanding state that the person claimed... has broken the terms of his bail.” See Pecnik v. Blackburn, 132 So.2d 604 (Fla. 1961), and Huff v. Ayers, 6 N.J. Super. 380, 71 A.2d 392 (1950).
The petitioner’s second argument is that, despite the assertions of the requisition, he was in fact not in *489 violation of his bond and should have been allowed to prove this as a defense to extradition. We disagree. In Self v. People, 133 Colo. 524, 297 P.2d 887 (1956) the requisition stated that Self was a parole violator. This court affirmed the trial court’s refusal to consider evidence that he had not in fact violated his parole. It was there stated that this was an issue for the requisitioning state to decide, the asylum state having no jurisdiction to consider the question. The same is true in this case. When the court in Kansas forfeited the petitioner’s bond, he became a fugitive within the meaning of the extradition laws. Whether it was wrongfully revoked is an issue between the petitioner and the State of Kansas, over which the courts of Colorado have no jurisdiction. See Tinsley v. Woods, 135 Colo. 590, 313 P.2d 1006 (1957) and Travis v. People, 135 Colo. 141, 308 P.2d 997 (1957).
Judgment affirmed.
Mr. Justice Day, Mr. Justice Hodges and Mr. Justice Kelley concur.