No. 23980.

THERON OTIS MOTE *v.* WILLIAM L. KOCH, MANAGER OF
SAFETY, EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF
DENVER, AND THE PEOPLE OF THE STATE OF COLORADO.
(476 P.2d 255)

Decided November 2, 1970.

George M. Allen, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Groves delivered the opinion of the Court.

The plaintiff in error was the petitioner in a habeas corpus proceeding brought to question extradition proceedings. He has brought writ of error from a determination adverse to him. We affirm.

The warrant issued by the Governor of Colorado recited that demand had been made by the Governor of North Carolina for rendition of the petitioner as a fugitive from justice; that the demand was accompanied by a

copy of an affidavit before a magistrate and a warrant charging the petitioner with having committed felonious burning; and that the affidavit and warrant were certified to be authentic by the Governor of North Carolina. The Colorado Governor's warrant was introduced as evidence. The demand, affidavit and North Carolina warrant, while available, were not offered into evidence.

## I.

The first contention of the petitioner is that in North Carolina felonious burning is an indictable offense and, therefore, petitioner could not be charged in North Carolina by an affidavit before a magistrate. Linked to this contention is the argument that the affidavit and warrant from North Carolina were not admitted into evidence and, therefore, error was committed under *Capra v. Miller,* 161 Colo. 448, 422 P.2d 636 (1967).

The Colorado Governor's warrant is prima facie evidence that the petitioner was substantially charged with a crime under the laws of North Carolina. *Fox v. People,* 161 Colo. 163, 420 P.2d 412 (1966). If the petitioner thought that the North Carolina requisition papers did not support the warrant of the Governor of Colorado, it was his responsibility to go forward with the matter and controvert the warrant by introducing the requisition papers into evidence. *Cf. Wilkerson v. Vogt,* 167 Colo. 109, 445 P.2d 715 (1968).

It has not been demonstrated to our satisfaction that the exclusive method of charging felonious burning in North Carolina is by indictment. Even if we had been convinced, we believe that the sufficiency of the *method* of charging the crime may be a matter for determination by the North Carolina court. See our recent decision in *Davis v. People,* 172 Colo. 486, 474 P.2d 206 (1970). *Capra v. Miller, supra,* is distinguishable.

## II.

At the time of the alleged offense, the petitioner was under probation granted by a North Carolina court in another case, and the probation had been transferred

from North Carolina to Colorado pursuant to an interstate compact. He contends that, since he was in Colorado with the permission of North Carolina, he could not be a fugitive from that state. No authority has been cited for this proposition. The Colorado Governor's warrant is prima facie evidence that he fled from justice after committing a felony in North Carolina. There was no testimony that he did not flee. Indeed, petitioner testified that he was in North Carolina at about the time the alleged crime was committed. The fact that he was legally in Colorado under probation does not prevent him from being a fugitive from North Carolina with respect to the alleged felonious burning.

### III.

The petitioner served a fairly large number of interrogatories upon the district attorney, who sent them to North Carolina to be answered. They had not been answered on November 26, 1968, when petitioner's attorney and a deputy district attorney were before the court. It was then stipulated that, if the interrogatories were not answered by December 23, 1968, the habeas corpus writ would be made permanent. On December 16, 1968, the district attorney filed answers to three of the interrogatories and moved that the remainder be stricken. It is the petitioner's position that since a habeas corpus proceeding is civil in nature, the Rules of Civil Procedure apply and, objection to the interrogatories not having been made in ten days, it was error not to enforce the provision of the stipulation. R.C.P. Colo. 33. The people argue that this is a special statutory proceeding and the Rules are not applicable. There is no need to determine this issue, as the interrogatories were accepted under stipulation. If the interrogatories, to which objections were made, were material to the issues involved in these proceedings, by reason of the stipulation the petitioner would have been entitled to answers to them. However, all of the interrogatories which were not answered involved matters entirely foreign to the rather limited

issues involved in an extradition proceeding. Any error, therefore, could not have been prejudicial.

Judgment affirmed.

MR. JUSTICE HODGES not participating.