## No. 25416

**The People of the State of Colorado v.
Thomas Mark Jackson, a/k/a Thomas Lee Lowery**
(502 P.2d 1106)

Decided November 13, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Good and Veto, Niel L. Good, Anthony Veto, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

Appellant was indicted in Texas, charged with the crime of rape. He fled to Denver, and was there apprehended and placed in custody. Appellant's petition for a writ of habeas corpus was denied by the trial court and he is here seeking reversal of that judgment.

Appellant contends, (1) that the papers accompanying the Texas extradition demand are not authenticated as required by C.R.S. 1963, 60-1-3; (2) that the indictment accompanying the demand shows prima facie that no crime under the laws of the State of Colorado is charged or has been committed; and (3) that the affidavit accompanying the demand does not show probable cause that a crime was committed in Texas.

Each of appellant's contentions is without merit. We therefore affirm the trial court's judgment dismissing the petition for a writ of habeas corpus.

I.

■ C.R.S. 1963, 60-1-3, requires that "the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand." Since the Governor of Texas personally certified to the authenticity of the extradition papers according to the laws of the State of Texas, the requirements of the statute, in this regard, have been met. *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331 (1967). *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957).

II.

■ In addition to authentication, C.R.S. 1963, 60-1-3, requires that "The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of *that* state." (Emphasis added.) Contrary to appellant's second contention, a crime must be charged under the law of the *demanding* state and not under the law of the *asylum* state. *Capra v. Ballarby,* 158 Colo. 91, 405 P.2d 205 (1965).

III.

■ Finally, appellant asserts that the affidavit which is among the extradition papers fails to show probable cause. Appellant overlooks the fact that he was charged with the crime of rape by grand jury indictment, an authenticated copy of which also accompanied the Texas extradition papers. The affidavit is unnecessary where a grand jury has returned a true bill charging the crime. The Uniform Criminal Extradition Act material to this issue states:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, *and accompanied by a copy of an indictment found* or by information supported by *affidavit* in the state having

jurisdiction of the crime, or by a copy of an *affidavit* made before a magistrate there, together with a copy of any warrant which was issued thereupon; ..." C.R.S. 1963, 60-1-3. (Emphasis added.)

It is clear that an affidavit is not required where the charge is made by action of the grand jury, as it was here. The indictment imports *probable cause;* it embodies a grand jury's judgment that constitutional probable cause exists. *Kirkland v. Preston,* 385 F.2d 670 (D.C. Cir. 1967); *see also People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621 (1950).

Denial of the petition is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE LEE, and MR. JUSTICE ERICKSON concur.