## No. 26321

### James Wynsma v. Brad Leach, Sheriff of Boulder County, Colorado

(536 P.2d 817)

Decided June 16, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Pamela N. Hultin, Deputy, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, J. Stephen Phillips, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This case involves procedure in extradition. Petitioner-appellant Wynsma was ordered returned to the state of Michigan following a hearing on a writ of habeas corpus challenging the sufficiency of the extradition documents. He appeals the court's discharge of the writ. We affirm.

Petitioner contends that the provisions of the Uniform Criminal Extradition Act, sections 16-19-101 *et seq.*, C.R.S. 1973, were not followed. His objections are highly technical and without substance. He would have us find that he is charged with the crime of "Parole Violation" and that there is no statement by the Governor that he was present in the state at the time of the commission of the "crime". He also challenges an affidavit from the department of corrections on the ground that it was on oath before a notary public but should have been before a magistrate. He also contends he is entitled to a hearing in Colorado and a determination whether his parole has been violated.

## I.

■ Wynsma claims a defect in the extradition proceeding because the "statement" of the Michigan Governor that Wynsma has violated his parole is not artfully worded.

The demand recites that the petitioner "is charged with the crime of parole violation having been convicted of the crime of possession of narcotics." The demand continues by certifying that the petitioner has fled from Michigan and may have taken refuge in Colorado. Accompanying the demand is a request for extradition from the Deputy Director, Bureau of Field Services for the Michigan Department of Corrections, attesting that petitioner violated his parole, an affidavit from the same individual specifying the particularities of the parole violation, and a warrant for the parolee's apprehension.

The Governor of Michigan, in the demand, has certified the documents are authentic. The petitioner does not deny the validity of his Michigan conviction nor that that conviction is properly included in the extradition papers. He does not assert that the sentence resulting from that conviction has expired. Nevertheless, the petitioner asserts that the demand is an inadequate "statement" that he has violated the terms of his parole. This argument is made because the demand says he is charged with the "crime" of parole violation rather than flatly saying he violated his parole.

Such an argument seeks to elevate form over substance. It has been advanced to this court before and rejected.

In *Davis v. People*, 172 Colo. 486, 474 P.2d 206 (1970), we held that the demand accompanied by a judgment of conviction and a statement that the petitioner stands convicted "and fled from justice," was adequate. The demand in this case recites petitioner's conviction for possession of narcotics and also announced that he has "fled from the justice of this state." Consequently, it contains the same language as the "statement" held adequate in *Davis*.

*Davis* also notes that the statement required by the extradition statute may be contained in the documents appended to the form of demand since the requisitioning governor certifies the accuracy of these documents. The documents forwarded in support of Wynsma's extradition, as noted above, overwhelmingly show that he has violated his parole. Under these circumstances, the documents certified by the Governor of Michigan, together with his demand, comprise a statement to that effect.

## II.

The petitioner next contends that he is not a fugitive from Michigan because the affidavits that he has violated his parole were not executed before a magistrate and because there was no showing that he was present in Michigan at the time of the alleged parole violation.

█ Both arguments are based on the erroneous notion that the "crime" with which the petitioner is charged is parole violation. In fact, petitioner is being extradited for his conviction of narcotics possession for which he is still under sentence. Although proper affidavits and a showing of presence in the demanding state are necessary if extradition is sought solely on a mere accusation of criminality by warrant, complaint, or information, neither is necessary when extradition is for an offense that has resulted in conviction.

█ In the latter circumstance all that is required is record of conviction and a statement by the Governor that the accused has violated his parole. This rule is founded in the Federal Constitution. *U. S. Const.*, art. IV, §2, ¶(2) mandates the relinquishment of any person "charged" with a crime who has fled from justice and is in another state. It is uniformly recognized that a crime that has resulted in conviction remains a charge under the constitution so long as the sentence resulting from conviction is unsatisfied. 31 Am. Jur. 2d *Extradition* §21; 35 C.J.S. *Extradition* §10 b(2). Consequently, a parolee is subject to extradition as a fugitive because, as a convict with an unexpired sentence, he remains criminally "charged." His extradition is for his original offense. *Holmes v. People*, 169 Colo. 371, 456 P.2d 731 (1969); *Tinsley v. Woods,* 135 Colo. 590, 313 P.2d 1006 (1957); *Travis v. People*, 135 Colo. 141, 308 P. 2d 997 (1957); *Self v. People*, 133 Colo. 524, 297 P.2d 887 (1956).

█ There is no dispute that Wynsma's sentence is unsatisfied. Accordingly, he remains "charged" because of his conviction for possession of narcotics. The procedural safeguard of a probable cause affidavit designed to prevent spurious extraditions of those merely accused of crime as opposed to those convicted of a crime, is unnecessary. Section 16-19-104 requires only a copy of the conviction and a statement that the individual sought has violated his parole. *Burnette v. McClearn*, 162 Colo. 503, 427 P.2d 331 (1967). Any claimed defects in included, but superfluous, affidavits are, therefore, irrelevant. *People v. Jackson*, 180 Colo. 135, 502 P.2d 1106 (1972).

█ Since Wynsma is being extradited for an uncompleted sentence for narcotics possession, his location at the time of the parole violation is

also immaterial. *Mote v. Koch*, 173 Colo. 82, 476 P.2d 255 (1970); *Fox v. People*, 161 Colo. 163, 420 P.2d 412 (1966).

### III.

The petitioner next argues that *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), requires an affidavit, subscribed before a magistrate, establishing probable cause to believe the terms of parole have been violated. This argument is also predicated on some assumption that the extradition is for the "crime of parole violation." The argument is that since he only stands accused, but not convicted, the affidavit must be sworn to before a magistrate. The argument is similar to the contentions in II above and answered therein. Wynsma is being extradited because he is convicted, not because he is accused, and such an affidavit is unnecessary.

Nevertheless, by a strained joinder of this argument to *Morrissey* the petitioner, by innuendo, raises the question of whether that decision has changed the holding in *Tinsley v. Woods, supra*, that whether one has in fact violated his parole is of no concern to the asylum state.

*Morrissey* and the later case of *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), mandate that, prior to the revocation of parole (or probation), two hearings are required. The first must be before a disinterested officer and consist of a "minimal inquiry" to ascertain whether there is probable cause to "believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey, supra*, at 485. The second is a more formal hearing with extended rights afforded to the respondent, to determine if there should be revocation. Both hearings derive from due process requirements of *U. S. Const.*, amend. XIV.

Obviously, the concern here is only with the first hearing, as extradition is merely an interstate arrest. Neither *Morrissey* or *Gagnon* requires that the relinquishing state in an extradition proceeding conduct a hearing to determine probable cause for parole violation prior to honoring the extradition request. The traditional rule is that the relinquishing state will not look beyond the statement of the governor of the demanding state that the person sought has violated the terms of his parole. An inquiry into that subject is reserved for the demanding state upon the individual's return. *Holmes v. People, supra; Tinsley v. Woods, supra; Travis v. People, supra; Self v. People, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.