MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
*224 The appellant was convicted of burglary in Texas and subsequently came to Colorado in violation of the terms of his bail. The governor of Texas requested his extradition, authenticating the Texas judgment and sentence and stating that the appellant had “jumped bail.” The appellant filed a petition for a writ of habeas corpus in the district court, challenging the sufficiency of the extradition papers. The trial court denied the petition, and we affirm.
The appellant contends that the statement that he had “jumped bail” was insufficient to comply with statutory requirements for extradition papers. We disagree. Section 16-19-104, C.R.S. 1973, states in pertinent part:.
‘’’’Form of Demand. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging . . . that the accused was, present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied ... by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. . . .” (Emphasis added.)
The words “jumped bail,” while somewhat inartful, are substantially equivalent to a statement that a person has “broken the terms of his bail.” See Wynsma v. Leach, 189 Colo. 59, 536 P.2d 817 (1975). And, under the statute, there is no further requirement that the papers state the conditions of bond or how they were allegedly violated.
Therefore, the extradition papers were adequate, and the petition for habeas corpus was properly denied.
Affirmed.