No. 22108.

WAYNE HUGH BURNETTE *v.* HUGH J. MCCLEARN, MANAGER OF SAFETY AND EXCISE AND EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER, AND HAROLD DILL, CHIEF OF POLICE OF THE CITY AND COUNTY OF DENVER.

(427 P.2d 331)

Decided May 8, 1967.

504

McVicker, Woodford and Myers, Frederick J. Myers, for plaintiff in error.

Bert Keating, District Attorney, Patricia A. Brittain, Deputy, Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James F. Pamp, Assistant, for defendants in error.

*In Department.*

Opinion by Mr. Justice Day.

Plaintiff in error was the petitioner in the district court in Denver in a habeas corpus proceeding in which he sought to be released from detention for extradition to the state of North Carolina. The trial court discharged the writ and remanded the petitioner to custody for

delivery to extradition agents of North Carolina. The matter was submitted to this court on writ of error with an agreed statement of facts.

Petitioner's grounds for reversal are that the copy of the judgment of conviction was not signed (the signatures of the judge and clerk of the court are typed in) and that the signature of the director of the North Carolina Prison Department on the Record of Commitment was not made by the same person who signed other papers purporting to bear the signature of the director. Which papers bore the genuine signature are not known.

 We hold that the trial court was correct in discharging the writ and remanding the petitioner. Under the statutes of Colorado, C.R.S. 1963, 60-1-3, and the acts of Congress, 18 U.S.C.A. § 3182, the only papers necessary for the extradition of the petitioner were proper and in order. Petitioner was being sought by North Carolina as an escapee from the state prison. In such cases all that is required for his extradition is either a copy of the judgment of conviction *or* "of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement * * *. * * * the copy of * * * judgment of conviction *or* sentence must be authenticated by the executive authority making the demand."

██ Copies of both the judgment of conviction and of the sentence were among the papers. Either is sufficient. The question of authenticity is one for the determination of the Governor of the demanding state, and his certification of that fact is all that is required. It is to be noted that the copies necessary to accompany the demand need not be verified, certified nor photocopied. A typewritten copy such as the judgment of conviction satisfies the language of the law. It alone is sufficient, hence, it is unimportant as to whose signature was on the order of commitment showing the sentence. All papers were authenticated by the Governor who is the only one re-

quired by law to do so. Other papers accompanying the extradition, which it is also claimed were defective, were superfluous.

For a complete discussion of the legal sufficiency of extradition proceedings under the varying circumstances, including cases similar to the contentions asserted here, see 78 A.L.R. 412, and the annotated cases thereunder.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.