No. 23412.

JAMES EDWARD HOLMES *v.* PEOPLE OF THE STATE OF COLO-
RADO AND HOWARD K. PHILLIPS, MANAGER OF SAFETY AND
EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER.
(456 P.2d 731)

Decided June 30, 1969.

GERTRUDE A. SCORE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE DeROOS, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

JAMES EDWARD HOLMES, hereinafter designated as the petitioner, pleaded guilty to a charge of armed robbery in Mississippi in March of 1961 and was sentenced to life imprisonment. Thereafter, he escaped from confinement. On November 21, 1967, the Governor of Mississippi issued his request to the Governor of the State of Colorado that petitioner be extradited to Mississippi. The Acting Governor of the State of Colorado thereupon issued a warrant for petitioner's arrest.

Petitioner then sought a writ of habeas corpus in the district court and the writ issued. Return was filed to the writ and, after hearing, the trial court discharged the writ.

Petitioner contends here (1) that the indictment upon which he was convicted was faulty, and (2) that Mississippi violated his constitutional rights in accepting his guilty plea without benefit of counsel. He contends that because of these reasons, the extradition warrants are void and the trial court should have made the writ of habeas corpus permanent.

I.

We have pointed out recently in several cases that where a fugitive stands convicted of a crime and thereafter escapes from confinement, all that is required to sustain an extradition to the demanding state is a statement to such effect by the executive authority of the demanding state supported by a copy of the judgment or of the sentence imposed in execution thereof. *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331, *Lyle v. Kieback,* 139 Colo. 149, 337 P.2d 392; *Travis v. People,*

135 Colo. 141, 308 P.2d 997. The papers attached to Mississippi's request for extradition meet that test.

## II.

█ Petitioner urges strongly that his allegations that in securing his conviction Mississippi violated both his federal and Mississippi constitutional rights, entitled him to a hearing in the Colorado court on those points. He contends that if his allegations are proven to be true, then he is entitled to have the writ of habeas corpus made permanent. He exhorts us to follow *In re Hunt,* 276 F. Supp. 112 (E.D. Mich.), in which such a procedure took place. His reliance on that case is misplaced, however, since it has been reversed by the Court of Appeals for the Sixth Circuit in *Arizona v. Hunt,* 408 F.2d 1086. Petitioner's allegations concerning a violation of his constitutional rights present no issue justiciable in the Colorado courts. His remedy for violation of such rights in Mississippi lies in the post conviction procedures provided by Mississippi in its state courts, and, if he is unsuccessful there, in the appropriate federal courts. Considerations fundamental to our doctrines of comity between the states require that petitioner test the claimed unconstitutionality of his treatment in the tribunals indicated. *Sweeney v. Woodall,* 344 U.S. 86, 73 S.Ct. 139, 97 L.Ed. 114.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE LEE not participating.