John- A. Gallitcci, J.
The State of Connecticut seeks to extradite the relator Joseph Gondolfo for the alleged crimes of conspiracy to attempt to commit murder and conspiracy to commit the crime of obtaining valuable things by false pretenses (General Statutes of Connecticut, Revision of 1958, § 5A-197). Both appear to be felonies under the laws of the State óf Connecticut.
The relator voluntarily surrendered himself upon ascertaining that a warrant for his arrest had been issued by the Acting Governor of New York and was arraigned as a fugitive from justice.
He immediately secured a writ of habeas corpus and has been released on bail. He alleges that the papers upon which the demand of Connecticut are based, as well as the papers upon which the Acting Governor of the State of New York issued the warrant of arrest, are insufficient as a matter of law and that the writ should be sustained.
Counsel agreed that the issues of law relating to the sufficiency of the papers should be decided by the court before a hearing is held to take testimony on whether the relator was present in Connecticut, whether he is the person alleged to have committed the crimes and whether he is a fugitive from justice.
The following papers are before the court in connection with this proceeding:
(1) the warrant for the arrest of the relator issued by the Acting Governor of the State of New York;
(2) the demand of the Governor of the State of Connecticut;
(3) a copy of section 54-197 of the General Statutes of Connecticut, Revision of 1958, which defines the crime of conspiracy;
(4) the information or accusation of Arnold Markle, State’s Attorney for the County of New Haven, by which he accuses and charges the relator with having committed the crimes of conspiracy to attempt to commit murder and conspiracy to commit the crime of obtaining valuable things by false pretenses;
(5) the affidavit of Chief Inspector Stephen Ahern and Sergeant Vincent De Rosa, both members of the New Haven Police Department;
(6) the warrant to arrest the relator issued by Hon. Norman M. Dube, Judge of the Superior Court of Connecticut; and
*775 (7) the application of Arnold MarHe, State’s Attorney, to the Governor of the State of Connecticut requesting that a requisition be issued and directed to the Governor of the State of New York for the extradition of the relator.
All of the Connecticut papers are duly authenticated.
Basically, the relator contends:
(1) the papers on which the demand of the Governor of the State of Connecticut was issued are insufficient in that the information charging relator with the commission of the alleged crimes in Connecticut is based on information and belief and hearsay and, therefore, the warrant issued for the arrest of the relator by the Judge of the Superior Court of the State of Connecticut was not supported by “ probable cause
(2) the information filed by the Connecticut State’s Attorney fails to charge the relator with the commission of any crimes under the laws of the State of Connecticut; and
(3) the warrant issued by the Acting Governor of the State of New York is defective in that it does not require the arrest of realtor on the same crimes as set forth in the information filed bysthe State of Connecticut and the bench warrant issued in Connecticut.
Section 54 — 46 of the General Statutes of Connecticut provides:
‘ ‘ For all crimes not punishable by death or imprisonment for life, the prosecution may be by complaint or information ’ ’; and section 54 — 43 of the General Statutes of Connecticut states: “Upon the representation of any state’s attorney that he has reasonable ground that a crime has been committed within his jurisdiction, the superior court, or when said court is not in session, any judge thereof, may issue a bench warrant for the arrest of the person or persons complained against ”.
In accordance with the provisions of the said Connecticut Statutes, the Connecticut State’s Attorney, on May 6,1969, filed an information with the Superor Court for the County of New Haven accusing relator of the crimes of conspiracy to attempt to commit murder and conspiracy to commit the crime of obtaining valuable things by false pretenses, both in violation of section 54-197 of the General Statutes. Annexed to the information is the affidavit of Chief Inspector Stephen Ahern and Sergeant Vincent De Rosa, both members of the New Haven Police Department for over 15 years, sworn to on May 6, 1969. The information with the affidavit attached was thereupon presented to the Judge of the Superior Court who, on May 6, 1969, issued a bench warrant for the arrest of relator.
This court must assume that the State’s Attorney performed his duty and filed the information because he had reasonable *776 grounds to believe that a crime had been committed by relator in his jurisdiction. The Judge of the Superior Court in issuing the bench warrant indicated that there were reasonable grounds to believe the relator had committed the alleged crimes set forth in the information since he stated on the face of the bench warrant “ and probable cause for the issuance of said warrant-having been found”.
It, therefore, would appear that the Connecticut law was complied with and the issuance of the bench warrant by the Superior Court was based on “ probable cause ”.
The relator contends that even though the Judge of the Superior Court indicated he found ‘ ‘ probable cause ” for the issuance of the bench warrant, this court must make its own independent determination as to whether or not “ probable cause ” existed for the issuance of the bench warrant. The court agrees with relator’s contention.
As stated in People ex rel. Eiseman v. Sheriff (55 Misc 2d 685, 687) " While an indictment in the demanding State will be accepted on its face as sufficient by the courts of this State (Hogan v. O’Neill, 255 U. S. 52), where the extradition is sought on the basis of an affidavit or complaint which in turn is made upon information and belief, there is understandably a requirement for closer scrutiny. Due process demands that a person not be arrested on the mere belief of a person that a crime has been committed by him. New York has held that where extradition is demanded based upon an affidavit or complaint on information and belief without specification of the sources of the information or the grounds of belief, it is defective and extradition should not follow. (People ex rel. de Martini v. McLaughlin, 243 N. Y. 417, 419.) ”
Also in People v. Artis (32 A D 2d 554, 555) the court said, ‘ ‘ as respects the sufficiency of the papers underlying a warrant of extradition, before Wolf v. Colorado (338 U. S. 25) made the Fourth Amendment applicable to the states through the Fourteenth Amendment and Mapp v. Ohio (367 U. S. 643) made it enforcible against them by the same sanctions and constitutional standards as prohibit unreasonable searches and seizures by the Federal Government, it was the established rule that the inquiry in the asylum State was limited to whether the accused had been substantially charged with crime in the demanding State (People ex rel. Higley v. Millspaw, 281 N. Y. 441, 445; People ex rel. Hayes v. McLaughin, 247 N. Y. 238, 242; Biddinger v. Commissioner of Police, 245 U. S. 128, 135; Drew v. Thaw, 235 U. S. 432, 440). Concededly, by the latter standard the police officer’s affidavits herein were' a sufficient basis *777 for the issuance of the warrant of extradition. However, developments in constitutional law since Wolf (supra) and Mapp (supra) have made the requirement of prohable cause in ‘ in-state ’ cases equally applicable to a warrant of arrest in an extradition case (Kirkland v. Preston, 385 F. 2d 670; cf. Giordenello v. United States, 357 U. S. 480; see Ker v. California, 374 U. S. 23, 34; Beck v. Ohio, 379 U. S. 89) ”.
This court must, therefore, determine whether there was probable cause for the issuance of the Connecticut bench warrant.
It has been said that the term “ probable cause ” is an elastic one which defies exact limitations. In Brinegar v. United States (338 U. S. 160, 175) the United States Supreme Court said: “In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical ; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.”
And in People v. Marshall (13 N Y 2d 28, 34) the Court of Appeals, referring to a search by a police officer, said: " Probable cause exists when there is a reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched (Carroll v. United States, 267 U. S. 435; Dumbra v. United States, 268 U. S. 435; Aderbold v. United States, 132 F. 2d 658). It is not a matter of technical rules or tight and exact definition. The question always is: what in the common judgment of reasonable men would be regarded as good, sound cause, remembering that we seek only probable, not absolute cause? ”
Applying the above principles to the instant case, this court concurs with the Judge of the Superior Court of the State of Connecticut and finds that there was probable cause for the issuance of the bench warrant.
Here the information charging relator with the alleged crimes is supported by an affidavit of two police officers who unequivocally state that the facts as to the alleged crimes were ascertained by them from tapes that were delivered to their police department and which they personally listened to. Additionally, they both recognized the voice of one of the alleged coconspirators on the tapes and, in their presence, the credible citizen who delivered the tapes to the police department, stated he knew relator and identified his voice on the said tapes. They also state that the conversations on the tapes indicated the coconspirator did arrange with relator for the murder by hire of her *778 husband. All of the above, together with the additional matters set forth in the affidavit, even though based largely on hearsay information, is sufficient to establish probable cause for the issuance of the bench warrant (United States v. Flood, 374 F. 2d 554). The reliability of the citizen was established by the fact that he delivered the tapes and the voice of one of the coconspirators was recognized by the affiants on the tapes. Reliance could, therefore, be placed on his statement that he knew relator and his identification of relator’s voice on the tapes.
In People v. Artis (32 A D 2d 554, supra) the affidavits of the police officer who investigated the alleged crimes merely stated that the defendant broke and entered a dwelling and assaulted the occupant. No supporting affidavit was annexed and there was nothing to indicate what facts, if any, were personally known to the police officer or the source of his information and the grounds of his belief.
Unlike People v. Artis {supra) so heavily relied upon by relator, here the affidavit of the police officers sets forth some of the facts upon which the charges are based as being personally known to them and it also sets forth the sources of their information and the grounds of their belief as to the facts of which they did not have personal knowledge.
Relator’s contention that the information fails to charge relator with the commission of any crime in violation of the laws of the State of Connecticut lacks merit. An examination of the information reveals that relator is specifically charged with the crimes of conspiracy to attempt to commit murder and conspiracy to commit the crime of obtaining valuable things by false pretenses, both in violation of section 54-197 of the General Statutes, and both alleged to have been committed on or about July 17, 1966. Whether the information complies with Connecticut law is ordinarily not a defense in an extradition proceeding (People ex rel. Reid v. Ruthazer, 4 A D 2d 164, affd. 5 N Y 2d 889; United States v. Flood, supra). In Flood (p. 557) the court stated: “ Interstate rendition proceedings are summary in nature and the accused is not entitled to all of the procedural protections of a criminal trial.” This is an issue which should properly be raised in the demanding State and not in the asylum State (People ex rel. Arnold v. Hoy, 32 Misc 2d 824).
Relator finally asserts that the warrant issued by the Acting Governor of the State of New York is defective as it does not require his arrest on the same crimes as indicated in the information filed in Connecticut and the bench warrant.
*779 The information charges relator with the crimes of ‘ ‘ Conspiracy to Attempt to Commit Murder and Conspiracy to commit the crime of Obtaining Valuable Things by False Pretenses ”, both in violation of section 54-197 of the General Statutes of Connecticut. The bench warrant directs the arrest of relator for “attempt to commit murder and conspiracy”. The application of the State’s Attorney to the Governor of Connecticut for a requisition states that relator stands complained of for the crimes of ‘ ‘ conspiracy to Attempt to Commit Murder and Conspiracy ’ ’ punishable under section 54 — 197 of the General Statutes, and the requisition of the Governor of Connecticut sets forth that relator stands charged with the crimes of “ Conspiracy to Attempt to Commit Murder and Conspiracy ”. Lastly, the warrant of the Acting Governor of New York states that relator stands charged with having committed the crimes of “ conspiracy to commit burglary, the crime of obtaining valuable things by false pretenses and conspiracy to commit murder.” Because of the discrepancies set forth above, relator contends that the warrant of the Acting Governor of New York is void. The court does not agree.
Section 830 of the Code of Criminal Procedure provides:
“No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, except in cases arising under section eight hundred and thirty-three or section eight hundred thirty-four, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon * * *. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit * * * must be authenticated by the executive authority making the demand.”
An examination and review of the papers annexed to the warrant of the Acting Governor of New York indicates that section 830 was complied with. The discrepancies in the various papers referring to the alleged crimes of which relator stands accused in Connecticut are considered by this court as mere irregularities. The information upon which the bench warrant was issued in Connecticut is clear, concise and unambiguous. It informs the relator that he stands accused in Connecticut of *780 two felonies, to wit, conspiracy to attempt to commit murder and conspiracy to commit the crime of obtaining valuable things by false pretenses.
In People ex rel. MacSherry v. Enright (112 Misc. 568, 577) the court said, “ The action of the governor in issuing his warrant should not be nullified by the courts, unless it conclusively appears that the accused is not a fugitive from justice and the issuance of the warrant was in plain contravention of law. ’ ’
Accordingly, this court finds that the papers are in proper form and that relator is being held by virtue of a valid warrant of the Acting Governor of New York.
The remaining issues will be presented at the hearing scheduled for September 22, 1969.