## No. 26161

### James Edward Bryan v. Richard D. Conn, Sheriff of Gilpin County, Colorado
(530 P.2d 1274)

Decided January 13, 1975.

276

Miller & Gray, P.C., Robert Bruce Miller, William R. Gray, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for respondent-appellee.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The primary issue in this case is whether the requisition documents are sufficient to support the extradition order. The Governor of the State of Florida is endeavoring to extradite James Edward Bryan for a hearing to determine whether Bryan has violated the terms of his probation. The Governor of the State of Colorado ordered that the defendant be extradited for the hearing. Thereafter, the defendant was arrested and petitioned for habeas corpus. The trial judge conducted a hearing, discharged the writ of habeas corpus, and ordered that the defendant be returned to Florida. The defendant appealed. We affirm.

Bryan was originally charged in the State of Florida with possession of barbiturates. Thereafter, pursuant to a plea agreement, he entered a plea of guilty to the crime of possession of harmful drugs and was placed on probation for three years. During the period of his probation, he moved to Colorado. The extradition papers set forth that Bryan violated the terms of his probation by leaving Florida without permission and by subsequently committing a crime in Central City, Colorado. The major issues on appeal are: (1) Whether the requisition documents were sufficient to sustain the extradition order. (2) Whether due process requires that the requisition documents, when probation revocation is involved, must contain information to establish probable cause that the defendant violated terms of his probation. In our view, the requisition documents were sufficient. We also reject the defendant's contention that he has the right to a probable cause hearing in Colorado.

I.

Sufficiency of the Requisition Documents

The primary basis for the defendant's attack on the extradition documents is that his plea was to the crime of possession of harmful drugs and not to the crime of possession of barbiturates which the extradition papers refer to as the crime which the defendant committed. The extradition documents also reflect that the defendant plead guilty to possession of harmful drugs. The defendant takes the position that the documents which are referred to in support of extradition are defective, but concedes that he

was charged with possession of barbiturates and plead guilty to possession of harmful drugs.

■ In *Tinsley v. Woods,* 135 Colo. 590, 313 P.2d 1006 (1957), we declared that in the absence of a showing that certified requisition documents are spurious, the trial court should find them to be sufficient and valid on their face. *See Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957). The trial court honored our directive and ordered extradition.

■ In this case, the verity of the probation order, the affidavit alleging a violation of the terms of probation, and the identification documents, which are the key extradition documents, is not questioned. Considered together, the documents create no confusion as to the crime which provides the basis for extradition. The charges are set forth with specificity. Each document also bears the number of the case in which the defendant entered a plea of guilty. A minor discrepancy in the charge set forth in the requisition documents does not prevent extradition. *See People ex rel. Gondolfo v. Lindemann,* 63 Misc.2d 773, 313 N.Y.S.2d 786 (1969).

## II.
## The Habeas Corpus Hearing

The defendant claims that the trial court in Colorado must, as a matter of due process, determine whether there is probable cause for Florida to revoke his probation, but conceded that it is not necessary for the Colorado court to determine whether probation should be revoked. *See Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957). His argument is premised on the due process requirements which were enunciated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Morrissey v. Brewer, supra,* the revocation of parole was declared to be within the protection of the due process clause of the Fourteenth Amendment. Although the *Morrissey* holding does not extend the full panoply of rights to a parolee which are granted to a defendant in a criminal case, the decision does require that termination of parole must be preceded by an informal preliminary hearing at the time arrest occurs and by a further hearing to determine whether the proposed parole revocation is

buttressed by verified facts. In the following year, probation revocation was scrutinized in *Gagnon v. Scarpelli, supra.* In the *Gagnon* case, the right to a preliminary hearing at the time of arrest and to a more complete hearing at the time revocation of probation is considered was found to be within the protection of the Fourteenth Amendment.

In this case, the defendant seeks to extend the principles enunciated in *Morrissey v. Brewer, supra,* and *Gagnon v. Scarpelli, supra,* to require that all extradition proceedings must include a hearing to determine that probable cause exists to show that a defendant has violated the terms of his probation. We do not view due process, whether gauged by Colorado or Federal standards, as imposing such a standard.

Extradition serves the interest of comity between states. *See Denton v. Cronin,* 187 Colo. 247, 529 P.2d 644. The proceeding should not be utilized as a vehicle to challenge acts undertaken by a sister state to enforce their criminal laws. Thus, if in the course of a hearing which challenges extradition proceedings, the Colorado courts are satisfied that certain minimal requirements are met, extradition should be ordered. C.R.S. 1963, 60-1-3. We have no doubt that when Bryan is presented before the proper Florida tribunal, he will be accorded his constitutional rights to the hearings which the Supreme Court outlined in *Morrissey v. Brewer, supra,* and *Gagnon v. Scarpelli, supra.*

It is within the province of the legislature to require that the demanding state must meet standards which are akin to probable cause. *See* C.R.S. 1963, 60-1-3, which requires that a preconviction demand for extradition must be accompanied by an indictment, information, or affidavit before a magistrate which substantially charges a crime. In the case of probation violations, the legislature has provided that the form of the demand must show that the accused was "present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and [produce] a copy of a judgment of conviction or of a sentence . . . , together with a statement by the executive authority of the demanding state that the person claimed . . . has broken the terms of his . . . probation . . . ." C.R.S. 1963, 60-1-3. *See Hithe v. Nelson,* 172 Colo. 179, 471 P.2d 596

280

(1970); *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331 (1967). *See also Bloom v. Lundburg,* 149 Conn. 67, 175 A.2d 568 (1961); *Ex parte Gray,* 426 S.W.2d 241 (Tex. Crim. App. 1968).

Accordingly, we affirm the trial court.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.