## No. 26564

## C. D. Byers v. Brad Leach, Sheriff of Boulder County, Colorado
(530 P.2d 1276)

Decided January 20, 1975.

Miller and Gray, William R. Gray, for petitioner-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, J. Stephen Phillips, Assistant, for respondent-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The appellant's writ of habeas corpus challenging his extradition to Texas was discharged by the Boulder County District Court. This appeal is to review that order.

On March 5, 1971, in Dallas County, Texas, the appellant was convicted of burglary. He received a five-year sentence and was placed on probation. Included within the conditions of probation were the requirements that the appellant avoid all criminal behavior, report to his probation officer on a monthly basis, pay a monthly probation fee of $10, and remain within Dallas County.

On February 26, 1974, the Dallas County District Attorney, apprised of the appellant's alleged violation of the probation

terms, moved the sentencing court to revoke the appellant's probation. The court issued a capias for the appellant's arrest. He was arrested in Boulder County, Colorado. The appellant refused to waive extradition. Upon the request of the district attorney, the Governor of Texas issued a requisition and authenticated the attached copies of the appellant's indictment, judgment, order granting probation, motion to revoke probation, warrant, and probation report. On a basis of this request, the Governor of Colorado issued a warrant for the petitioner's arrest. C.R.S. 1963, 60-1-7.

The appellant filed a petition for a writ of habeas corpus with the Boulder County District Court challenging the sufficiency of the extradition papers on two grounds. First, he alleged that the warrant for appellant's arrest issued by the Texas court is not supported by an affidavit establishing probable cause for the arrest. Second, he alleged that the extradition documents from Texas are not properly authenticated. The district court discharged the writ. The appellant has taken this appeal reasserting the arguments stated above. We affirm.

I.

■ The trial court in disposing of the first attack correctly observed that C.R.S. 1963, 60-1-3 provides that where a demand is for a person whose judgment of conviction remains unsatisfied, the demand shall be accompanied by a copy of the judgment of conviction or of the sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or broken the terms of his bail, probation or parole. The court noted that copies of both the judgment of conviction and the sentence are contained in the extradition documents and that the Governor of Texas stated that the appellant had violated the terms of his probation. The court held that the foregoing fulfilled the requirements of section 60-1-3. We agree. *Holmes v. People,* 169 Colo. 371, 456 P.2d 731 (1969); *Burnette v. McClearn,* 162 Colo. 503, 427 P.2d 331 (1967); *Lyle v. Kieback,* 139 Colo. 149, 337 P.2d 392 (1959); *Travis v. People,* 135 Colo. 141, 308 P.2d 997 (1957).

## II.

■ The trial court, in disposing of appellant's second contention, stated:

"The petitioner's second claim for relief is similarly without merit. The result of the petitioner's attack on the authentication of the documents by the Governor of Texas is dictated by the decision of the Colorado Supreme Court in *Burnette v. McClearn, supra.* The Supreme Court stated:

'The question of authenticity is one for the determination of the Governor of the demanding state, and his certification of that fact is all that is required. It is to be noted that the copies necessary to accompany the demand need not be verified, certified nor photocopied. A typewritten copy such as the judgment of conviction satisfies the language of the law. It alone is sufficient, hence, it is unimportant as to whose signature was on the order of commitment showing the sentence. All papers were authenticated by the Governor who is the only one required by law to do so. Other papers accompanying the extradition, which it is also claimed were defective, were superfluous. 162 Colo. at 505-06' "

The trial court's holding was correct.

## III.

■ The appellant on appeal makes the somewhat novel argument that due process of law requires the courts of this state to extend the habeas corpus proceeding beyond an examination of the sufficiency of the extradition documents into an exploration of whether there was probable cause to believe that the appellant had violated the terms of his probation. In short, the appellant contends that the "preliminary hearing" mandated by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scapelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), is a prerequisite to parole or probation revocation, and must be held as an adjunct of the habeas corpus hearing.

We answered this argument adversely to appellant's contention in *Bryan v. Conn,* 187 Colo. 275, 530 P.2d 1274.

The judgment is affirmed.