**No. 26694**

**Terri Lynn Martello v. Phil Baker, Sheriff of Arapahoe County**

(539 P.2d 1280)

Decided July 28, 1975.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Kenneth K. Stuart, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondent-appellee.

196

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant appeals from an adverse ruling denying her petition for habeas corpus. Finding no error, we affirm the judgment.

Pursuant to a fugitive complaint and warrant, appellant was arrested and confined to jail pending the receipt from California of extradition documents. Thereafter, upon the issuance of our Governor's warrant for appellant's arrest and rendition to the agents from California, she filed her petition for a writ of habeas corpus. After hearing on the petition, the court ordered that the writ be discharged and appellant be extradited to California. Appellant thereupon gave notice of appeal and was admitted to bail on her personal recognizance pending appeal.

The requisition documents show that on March 9, 1965, appellant was charged by felony information with issuing three fictitious checks in violation of section 476a(a) of the California Penal Code. She pled guilty on March 15, 1965. She was thereafter granted probation for a period of five years and was allowed to commence serving her probation in the state of Nevada under the Interstate Compact, under supervision of Nevada probation authorities. On August 6, 1965, the Nevada authorities informed the California probation department that appellant had been picked up for violation of the conditions of probation. She was thereupon returned to California, where the court found the appellant to be in violation of her probation.

The record further shows that on September 20, 1965, appellant was found to be a narcotic drug addict under the provisions of section 3051 of the Welfare and Institutions Code of the State of California, and in a civil proceeding she was ordered committed to the California Rehabilitation Center at Corona, California, for treatment. Subsequently, it was determined that appellant could not be successfully treated in the narcotics program and that she was at large and had been beyond the control of the Center for a period exceeding one year. Upon recommendation to the court, the order of civil commitment was vacated and on October 14, 1969, a bench warrant in the criminal action was issued for the apprehension of appellant. It was pursuant to this warrant that the fugitive complaint proceedings were initiated in the state of Colorado.

Appellant argues for reversal, contending, generally, that the requisition documents are invalid as a matter of law, in that they fail to comply with C.R.S. 1963, 60-1-3.[1]

Appellant argues that inconsistencies between the requisition of the Governor of California, which recites that appellant stands charged with

---

[1]Now section 16-19-104, C.R.S. 1973.

the crime of violation of section 476a(a) of the penal code relating to checks, and the warrant of the Governor of Colorado, which recites that appellant violated the terms of her probation, render the extradition proceedings fatally deficient. As we understand this argument, the confusion resulting from the variance in the recitals, together with the information relating to appellant's civil commitment and her subsequent disappearance from custody, render the extradition documents defective. In short, appellant contends that it is not possible to determine what crime she has committed or what conditions of probation have been violated, and that this has resulted in a denial of due process.

In determining whether extradition documents sufficiently charge an accused with a crime in the demanding state, or that he was convicted of a crime and sentenced therefor, from which he escaped, or that the accused has broken the terms of his bail, probation, or parole, all of the requisition documents must be read and considered together. If it may be fairly determined therefrom what the charges are for which the extradition of the accused is being sought, then the requisition documents satisfy the statutory requirements. *McCoy v. Cronin*, 187 Colo. 364, 531 P.2d 379. Minor discrepancies or inconsistencies in the requisition documents do not render them invalid or prevent extradition. *Bryan v. Conn*, 187 Colo. 275, 530 P.2d 1274.

Here, a reading of all of the documents clearly establishes that appellant was in fact convicted of a felony-check charge under the California Penal Code, that she was thereafter placed on probation, and that she subsequently absconded from probation. The judgment of conviction remains unsatisfied, and appellant as a probationer is subject to extradition as a fugitive. *Wynsma v. Leach,* 189 Colo. 59, 536 P.2d 817; *Byers v. Leach*, 187 Colo. 312, 530 P.2d 1276; *Holmes v. People*, 169 Colo. 371, 456 P.2d 731; *Burnette v. McClearn*, 162 Colo. 503, 427 P.2d 331.

We regard the further arguments concerning lack of authentication of the supporting affidavit and the judgment of conviction to be without merit; suffice it to say, the statute requires that the essential documents be authenticated by the executive authority of the demanding state. Here, the requisition complies with this requirement.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.