MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
Petitioner Teters challenged extradition to the State of Oregon by a habeas corpus action in the Larimer County district court. The district court discharged the writ and the petitioner brought this appeal. We affirm.
Subsequent to the petitioner’s arrest in Colorado, Oregon commenced extradition proceedings. Among the requisition documents forwarded to the Governor of Colorado was an indictment charging the petitioner with forgery in the first degree. Also sent to Colorado was a copy of an order of the Oregon circuit court forfeiting the petitioner’s bond on the forgery charge and issuing a warrant for his arrest. The order issuing the arrest warrant recited that petitioner had broken the terms of his bond by failing to appear for a sentencing hearing on the forgery charge.
Petitioner’s sole argument on this appeal is that Oregon seeks extradition for an act that is not a crime, and, therefore, extradition must fail. He argues that the warrant issuing from the Oregon circuit court was for the petitioner’s failure to appear and not for any act that is a crime under the laws of Oregon.
Petitioner’s contention is wholly without merit. Considering all the extradition documents together, as we have determined is proper, McCoy v. Cronin, 187 Colo. 364, 531 P.2d 379 (1975), it is clear that the Petitioner was wanted by Oregon to answer to a charge of first-degree forgery for which he had failed to appear for sentencing.
An indictment remains a charge against a person until the criminal proceeding commenced by the indictment is terminated. See Wynsma v. Leach, 189 Colo. 59, 536 P.2d 817 (1975).
We have pointed out in numerous extradition cases that we will not elevate form above substance. If it can be fairly determined from the documents what the charges are for which extradition is being sought, then the statutory requirements have been met. Martello v. Baker, 189 Colo. 195, 539 P.2d 1280 (1975). Appeals based on technicalities such as those presented here are a waste of time.
*357 There is no indication from the record in the instant case that the forgery charge against the Petitioner had ever been terminated. Therefore, he still remains charged with that crime. That being so, the extradition documents fully comply with the statute, section 16-19-104, C.R.S. 1973, and the district court correctly discharged the writ.
The judgment is affirmed.