### No. 27025

**Thomas E. Bernardo v. Dan Cronin, Manager of Safety and Excise, Wayne K. Patterson, Warden of the Jail, City and County of Denver, State of Colorado**

(550 P.2d 349)

Decided June 1, 1976.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for petitioner-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for respondents-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Petitioner Bernardo challenged extradition to the State of Utah by a habeas corpus action in the Denver District court. The district court discharged the writ and the petitioner appealed. We affirm.

Following the petitioner's arrest in Colorado, the Governor of Utah requested in writing that the petitioner be returned to Utah for violation of terms of probation which were imposed for a Utah forgery conviction. Accompanying the Governor's requisition were duly authenticated copies of the forgery complaint, the arrest warrant, and the judgment of conviction and imposition of sentence. Also included was an affidavit by the petitioner's Utah probation officer to the effect that the petitioner had violated the terms of his probation.

Petitioner contends that several discrepancies in case number designations in the Utah extradition documents are fatal to this extradition demand. We do not agree with this contention.

We think that it can be fairly determined from the documents what the charges are for which extradition is sought. *Teters v. Watson*, 190 Colo. 355, 547 P.2d 1277 (1976); *Martello v. Baker*, 189 Colo. 195, 539 P.2d 1280 (1975). Considering all the extradition documents together, it is clear that the petitioner is wanted by Utah for violating the terms of probation imposed for the crime of forgery committed on February 9, 1972. *See Teters v. Watson, supra*; *McCoy v. Cronin*, 187 Colo. 364, 531 P.2d 379 (1975).

Petitioner's argument that the demanding state is required to enumerate the grounds for probation revocation is disposed of by the extradition statute itself. Section 16-19-104, C.R.S. 1973, requires that the executive authority of the demanding state merely state that the fugitive has violated the terms of his probation. Whether the petitioner has, in fact, violated the terms of his probation is a matter for determination in the demanding, not the asylum, state. *Bryan v. Conn*, 187 Colo. 275, 530 P.2d 1274 (1975); *Byers v. Leach*, 187 Colo. 312, 530 P.2d 1276 (1975).

Accordingly, the extradition documents in this case fully meet the requirements of the extradition statute, section 16-19-104, C.R.S. 1973, and the district court correctly discharged the writ.

The judgment is affirmed.