Edward Benjamin WILSON,
Petitioner-Appellant,

v.

Bert J. JOHNSON and The People of
the State of Colorado,
Respondents-Appellees.

No. 81SA155.

Supreme Court of Colorado,
En Banc.

May 10, 1982.

Richard M. Borchers, Samuel R. Escamilla, Westminster, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondents-appellees.

PER CURIAM.

The appellant, Edward Benjamin Wilson, appeals the discharge of his petition for writ of habeas corpus. He challenges the validity of the extradition documents submitted by the state of Arizona pursuant to section 16–19–104, C.R.S.1973 (1978 Repl. Vol. 8). We affirm the judgment.

Wilson was arrested by Colorado authorities as a fugitive from justice on December 2, 1980. Thereafter, the state of Arizona initiated the extradition process when it submitted a requisition request issued by that state's governor along with supporting documents. Wilson's sole claim on appeal is that inconsistencies between the extradition request and the supporting documents as to the number of offenses pending against him in Arizona and the dates on which the alleged criminal acts occurred, render the extradition documents fatally defective.[1] We disagree.

It is clear that the inconsistencies complained of in the extradition documents resulted from a clerical error committed in the course of transposing the numerous allegations contained in the charging documents to the extradition demand. *See*

---

1. Specifically, the governor's request stated that the appellant's return was sought for trial on six counts of forgery which allegedly occurred in February and March, 1978. Accompanying the request was a Pima County, Arizona grand jury indictment and a separate criminal complaint filed in that same county. Taken together, these supporting documents establish that there are ten forgery counts pending against the appellant. Further, as evidenced by these documents, the criminal acts occurred on the dates specified in the governor's warrant as well as in January, 1978.

**22**

*Richardson v. Cronin*, Colo., 621 P.2d 949 (1980). When read as a whole, the documents substantially charge the appellant with having committed a crime under the laws of Arizona. Accordingly, these inconsistencies do not render the extradition documents invalid or prevent extradition. *Johnson v. Kiefer*, Colo., 624 P.2d 894 (1981); *Martello v. Baker*, 189 Colo. 195, 539 P.2d 1280 (1975); *Bryan v. Conn*, 187 Colo. 275, 530 P.2d 1274 (1975).

Judgment affirmed.