**David W. GRIFFITH, Petitioner-Appellant,**

v.

**Ed D. NELSON, Sheriff of Arapahoe County, State of Colorado, Respondent-Appellee.**

**No. 81SA570.**

Supreme Court of Colorado, En Banc.

June 21, 1982.

J. Gregory Walta, Colorado State Public Defender, Nicholas R. Massaro, Jr., Deputy State Public Defender, Littleton, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent-appellee.

QUINN, Justice.

The petitioner, David W. Griffith, appeals the discharge of a writ of habeas corpus in connection with an extradition proceeding. We affirm the judgment.

On July 15, 1980, the petitioner was charged by indictment in Hawaii with two felony counts of promoting prison contraband in the first degree. Hawaii Rev.Stat. § 710–1022(1)(b) (1976). He was arrested in Arapahoe County, Colorado on November 12, 1981, and was charged with being a fugitive from the state of Hawaii. Section 16–19–101 *et seq.*, C.R.S.1973 (1978 Repl. Vol. 8). The demand for extradition from the Governor of Hawaii was supported by a copy of the Hawaiian indictment which was certified by the governor as authentic. The copy of the Hawaiian indictment did not

contain the handwritten signatures of the deputy attorney general or the foreman of the grand jury but instead bore their typewritten names in the following fashion:

/s/George H. Yamamoto    /s/Joyce Itagaki
GEORGE H. YAMAMOTO    JOYCE ITAGAKI

Deputy Attorney General    Foreman
State of Hawaii

■ The petitioner filed a petition for habeas corpus in the trial court, claiming that the lack of handwritten signatures on the copy of the indictment violated the provisions of section 16–19–104, C.R.S.1973 (1978 Repl.Vol. 8), which requires that the extradition demand be accompanied by "a copy of an indictment found." The district court denied habeas corpus relief and ordered the petitioner returned to the state of Hawaii as a fugitive. The petitioner claims in this appeal that the extradition demand violated section 16–19–104 because it failed to contain a "signed" copy of the indictment returned against him. We disagree.

■ Section 16–19–104, in pertinent part, provides as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime. . . . [T]he copy of indictment, information, affidavit, or judgment of conviction or sentence must be authenticated by the executive authority making the demand."

We have held that "[m]inor discrepancies or inconsistencies in the requisition documents do not render them invalid or prevent extradition." *Martello v. Baker*, 189 Colo. 195, 197, 539 P.2d 1280, 1281–82 (1975). As long as the extradition demand and accompanying documents exhibit substantial compliance with the statutory requirements, extradition should be ordered. *E.g., Miller v.*

*Cronin*, 197 Colo. 391, 593 P.2d 706 (1979); *Bryan v. Conn*, 187 Colo. 275, 530 P.2d 1274 (1975). Thus, when the executive authority of the demanding state has signed the extradition demand and has certified the attached indictment as an authentic copy of the original, and there is no evidence establishing that the attached indictment is spurious or that it fails to allege a crime, the demand will be considered adequate to support an extradition order. *See, e.g., Furman v. Miller*, 198 Colo. 282, 598 P.2d 1042 (1979); *Travis v. People*, 135 Colo. 141, 308 P.2d 997 (1957).

The petitioner has not alleged that the indictment is spurious, nor that it is insufficient to charge him with a crime under the laws of Hawaii. His claim centers on the alleged inconsistency between the form of the signatures on the original indictment and the copy included in the documents supporting the extradition demand. We find no inconsistency present here. The Governor of Hawaii duly certified that the attached copy was a true and genuine copy of the original indictment. The only conceivable difference between the authenticated copy and the original indictment relates to the manner in which those signatures are described on the copy. Such difference, however, does not impair the genuineness of the signatures on the original indictment nor the authenticity of the copy. We therefore hold that the copy of the indictment accompanying the demand for extradition was a duly authenticated copy of the original indictment returned against the petitioner in the state of Hawaii and this authenticated copy satisfied the requirements of section 16–19–104.

The judgment discharging the writ of habeas corpus is affirmed.