**Freddie Lee MORRIS,
Petitioner-Appellant,**

v.

**Ed NELSON, Sheriff of Arapahoe County, State of Colorado,
Respondent-Appellee.**

**No. 82SA13.**

Supreme Court of Colorado,
En Banc.

March 14, 1983.

J. Gregory Walta, Colorado State Public Defender, Philip A. Cherner, Deputy State Public Defender, Littleton, for petitioner-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for respondent-appellee.

DUBOFSKY, Justice.

The petitioner-appellant, Freddie Lee Morris, appeals the Arapahoe County district court's discharge of his petition for a writ of habeas corpus. The district court discharged the writ because all of the documents construed together substantially charged the petitioner with committing the crime of abandonment for failing to pay child support for his daughter in Wisconsin. On appeal, the petitioner claims that the extradition documents did not properly allege his nonfugitive status. We affirm the district court's discharge of the petition.

A criminal complaint filed in Wisconsin charged the petitioner with willfully neglecting and refusing to provide for the support of his daughter. The child was listed as a beneficiary of Aid to Families with Dependent Children in Wisconsin from June 1, 1980 through April 20, 1981. On January 7, 1970, in Denver Juvenile Court, the petitioner was adjudged the father of the child and ordered to pay $25 a month child support.

The governor's warrant was served on the petitioner on November 20, 1981, and the petitioner filed a petition for a writ of habeas corpus on November 23, 1981. At the habeas corpus hearing, the petitioner challenged the sufficiency of the affidavit in support of the Wisconsin arrest warrant. The affidavit contained information taken from the Dane County Department of Social Services files by a deputy district attorney. The district court discharged the petition, finding the documents sufficient. This issue is not raised on appeal. Instead, the defendant alleges that the documents were inadequate to extradite him as a non-fugitive. Generally, the petitioner must raise the particular challenge to the documents in the trial court before the issue will be considered on appeal. *Parker v. Glazner,* 645 P.2d 1319 (Colo.1982); *Whittington v. Bray,* 200 Colo. 17, 612 P.2d 72 (1980); *Dorador v. Cronin,* 199 Colo. 85, 605 P.2d 53 (1980).

However, because the documents which the petitioner challenges are included in the record on appeal, we address his contention that they were insufficient to extradite him as a nonfugitive who was not in Wisconsin at the time of the offense. A nonfugitive (one whose acts in Colorado constitute an offense in the demanding state) may only be extradited when the demanding state requests Colorado's governor to act and the governor chooses to exercise his discretion to do so under section

16–19–107, C.R.S.1973 (1978 Repl.Vol. 8).[1] *Allen v. Leach,* 626 P.2d 1141 (Colo.1981). In contrast, the governor has a duty to extradite fugitives under section 16–19–103, C.R.S.1973 (1978 Repl.Vol. 8).[2] Where a demanding state incorrectly alleges that a petitioner is a fugitive, the governor has no authority to extradite the petitioner as a fugitive. *Matthews v. People,* 136 Colo. 102, 314 P.2d 906 (1957).

Unlike the papers in *Matthews,* the requisition documents in this case describe the petitioner as a nonfugitive. Wisconsin specifically seeks the return of the petitioner on the basis of acts committed in Colorado which intentionally resulted in the crime of abandonment in Wisconsin. The Colorado governor's warrant describes the charge against the petitioner as having "committed abandonment of a child, a felonious crime under the laws of said State of Wisconsin; by committing in the State of Colorado an act intentionally resulting in said felonious crime of abandonment of a child in said State of Wisconsin . . . ."

The petitioner, however, attempts to bring himself within the principle in *Matthews* by relying on his arrest warrant and advisement of rights in the Arapahoe County district court on August 21, 1981, which employed forms using the word "fugitive." Similarly, one of the supporting forms in Wisconsin contained the word "fugitive."[3] The petitioner also points to the use of the word "demand" in the Colorado governor's warrant as an indication that the governor thought he had no discretion in regard to the petitioner's extradition. The "demand" language is in the same document which described the petitioner's nonfugitive status.

 The petitioner's contentions are not persuasive. Defects in the original Colorado arrest documents become moot once the petitioner is served with the governor's warrant. *Schumm v. Nelson,* 659 P.2d 1389 (Colo.1983); *Michaels v. Caldwell,* 646 P.2d 899 (Colo.1982); *Simmons v. Leach,* 626 P.2d 164 (Colo.1981); *Whittington v. Bray, supra; Crumrine v. Erickson,* 186 Colo. 139, 526 P.2d 148 (1974). Our review of the relevant documents convinces us that they substantially charge the petitioner as a nonfugitive with a crime in Wisconsin. The minor variations are immaterial clerical inconsistencies and do not affect the validity of the governor's warrant. *Schumm v. Nelson, supra; Wilson v. Johnson,* 645 P.2d 21 (Colo.1982); *Johnson v. Kiefer,* 624 P.2d 894 (Colo.1981).

Judgment affirmed.

---

1. Section 16–19–107 provides:
 The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in section 16–19–104 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this article not otherwise inconsistent shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.

2. Section 16–19–103 provides:
 Subject to the provisions of this article, the provisions of the constitution of the United States controlling, and any act of congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

3. Language relating to fugitive status was stricken from the other Wisconsin supporting form.