**Mark William CATES, Appellant,**

**v.**

**Patrick SULLIVAN, Sheriff, Arapahoe County, Appellee.**

No. 84SA265.

Supreme Court of Colorado, En Banc.

Feb. 25, 1985.

David F. Vela, Colorado State Public Defender, H. Patrick Furman, Deputy State Public Defender, Littleton, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for appellee.

ERICKSON, Chief Justice.

In this extradition proceeding, habeas corpus relief was denied and the petitioner has appealed, claiming that: (1) the extradition documents were not sufficient to create a prima facie showing of identity; (2) he was not "substantially charged" with a crime in Florida; and (3) Florida's extradition documents were not properly authenticated. We affirm.

I.

On February 6, 1984, the petitioner was arrested on a warrant for failure to appear on an Arapahoe County drunk driving charge. Sergeant Richard Stanton of the Arapahoe County Sheriff's Department testified that he learned from the Denver police that although the petitioner was originally arrested under the name "Mark Cates," he was also known as "Thomas Martin McDonald," and that he was believed to be a fugitive from the state of Florida on a charge of first-degree murder. Stanton verified by teletype that Thomas McDonald was a fugitive from the state of Florida, and he subsequently executed an affidavit attesting that "Mark W. Cates a/k/a Thomas Martin McDonald" was wanted in Florida for the murder of Rhodatte Antone. On February 7, 1984, the district court issued a warrant, also captioned "Mark W. Cates a/k/a Thomas Martin McDonald," ordering the petitioner to be held in custody pending requisition from Florida.

A requisition for the return of the petitioner was issued by the governor of Florida on April 18, 1984. In support of the requisition, the state of Florida included a capias, a copy of an indictment, and an affidavit stating facts establishing probable cause to arrest that included a photograph and a general description of Thomas McDonald. The Florida requisition and supporting documents all named the person sought to be extradited as "Thomas McDonald." The Colorado governor's warrant, which was issued on April 24, 1984, also named "Thomas McDonald" as the person to be extradited. Following a hearing, the district court concluded that the demand for extradition was legally sufficient under the Uniform Criminal Extradition Act (§ 16–19–104, 8 C.R.S. (1978)), and accordingly denied the petition for habeas corpus.

II.

The petitioner asserts that the extradition documents in this case are not sufficient to create a prima facie showing of identity, inasmuch as the Florida requisition and the Colorado governor's warrant names "Thomas McDonald," while he was arrested and booked into jail in Arapahoe County under the name of "Mark Cates." We conclude that, under the facts of this case, a prima facie showing of identity was established.

We have held that when the name of the person in the governor's warrant is the same as the name in the original fugitive complaint and the requisition documents of the demanding state, a prima facie case for extradition is established. *Lucero v. Martin*, 660 P.2d 902 (Colo.1983). In this case, however, the affidavit and warrant executed in Arapahoe County

names "Mark W. Cates a/k/a Thomas Martin McDonald," while the governor's warrant and requisition name "Thomas McDonald." In our view, the use of an "a/k/a" as a means of identifying a fugitive in a complaint, standing alone, is not sufficient to establish a prima facie showing of identity under *Lucero*.

■ However, in addition to the identification of the petitioner in this case as "a/k/a Thomas Martin McDonald," the authorities in Florida also annexed to the affidavit establishing probable cause a description and photograph of Thomas McDonald. The affidavit stated that the photograph was positively identified by a co-defendant as depicting the person who killed Rhodatte Antone. The district court also stated at the habeas corpus hearing that the photograph accompanying the Florida documents bore a "striking likeness" to the petitioner. We conclude, therefore, that the "a/k/a" identification through the Arapahoe County fugitive documents coupled with the photograph provided by the Florida authorities are sufficient to establish a prima facie showing of identity. *Miller v. Debekker*, 668 P.2d 927 (Colo.1983); *Dilworth v. Leach*, 183 Colo. 206, 515 P.2d 1130 (1973).

### III.

The petitioner asserts that he was not "substantially charged" with a crime pursuant to section 16–19–104, 8 C.R.S. (1978), because the affidavit establishing probable cause does not allege acts evidencing premeditation or deliberation, which are essential elements to the crime of first-degree murder under Florida law. *See* Fla.Stat. Ann. § 782.04 (West 1984). The claim is without merit.

■ The indictment accompanying the Florida requisition states that on or about April 14, 1982, in Broward County, Florida, Thomas McDonald "did then and there unlawfully and feloniously and from a premeditated design to effect the death of a human being, Rhodatte Antone, did kill and murder her, the said Rhodatte Antone, by beating the said Rhodatte Antone and then binding her hands and feet and throwing her into a body of water causing her to drown." The indictment is framed substantially in the language of the Florida murder statute, and is therefore sufficient to "substantially charge" a crime pursuant to section 16–19–104. *White v. Leach*, 188 Colo. 62, 532 P.2d 740 (1975). Any objections the petitioner may have relating to the sufficiency of the charging document or technical accuracy of the charge are reserved for the courts of Florida, and not for the courts of this state. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *Johnson v. Cronin*, 690 P.2d 1277 (Colo.1984); *see, e.g., White v. Leach*, 188 Colo. at 65, 532 P.2d at 741.

■ We also reject the petitioner's assertion that the authentication of the indictment, capias, and affidavit by cross certification of the documents by the Florida circuit court clerk and judge renders the Florida extradition documents fatally defective. In *Griffith v. Nelson*, 647 P.2d 228 (Colo.1982), we held that when the executive authority of the demanding state has signed the extradition demand and has certified the indictment as an authentic copy of the original, and there is no evidence establishing that the attached indictment is spurious or that it fails to allege a crime, the demand will be considered adequate to support an extradition order. *See also* § 16–19–104, 8 C.R.S. (1978) (copy of indictment, information, affidavit or judgment of conviction must be authenticated by the executive authority making the demand).

In this case, the extradition demand was signed by the governor of Florida and certified that the indictment and affidavit were authentic. All of the documents were duly authenticated in accordance with the laws of Florida. Inasmuch as the petitioner has not alleged that the documents are spurious, we conclude that the Florida extradi-

tion documents were properly authenticated.

The judgment of the district court is affirmed.