Mike JOHNSON, a/k/a Jimmy Dale Pemberton, Petitioner-Appellant,

v.

Pat SULLIVAN, Respondent-Appellee.

No. 85SA162.

Supreme Court of Colorado, En Banc.

Nov. 4, 1985.

David F. Vela, Colo. State Public Defender, Robert M. Steiert, Deputy State Public Defender, Littleton, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for respondent-appellee.

QUINN, Chief Justice.

The petitioner-appellant, Mike Johnson, also known as Jimmy Dale Pemberton, appeals from a judgment ordering his extradition to the state of Texas. We affirm the judgment.

Johnson was arrested on a fugitive warrant issued by the District Court of Arapahoe County. The warrant was supported by an affidavit of an Arapahoe County peace officer alleging that Mike Johnson was a fugitive from the state of Texas where he had committed the crime of murder. Subsequent to Johnson's arrest, the governor of Texas signed and submitted to the governor of Colorado a requisition for Johnson's extradition. The requisition stated that Jimmy Dale Pemberton, also known as Mike Johnson, had fled from the state of Texas to the state of Colorado and further certified as authentic the copies of the grand jury indictment and the Texas arrest warrant, both of which were annexed to the requisition. The copy of the indictment, which was signed by the foreperson of the grand jury, alleged that Jimmy Dale Pemberton on October 11, 1982, in Dallas County, Texas, knowingly and intentionally caused the death of Helen Gay Pemberton by means of a handgun, a deadly weapon. Upon receipt of the requisition documents, the governor of Colorado issued a warrant for the arrest of Jimmy Dale Pemberton, also known as Mike Johnson, as a fugitive. The governor's warrant and the Texas requisition documents were filed with the District Court of Arapahoe County.

Johnson challenged his extradition by filing a petition for a writ of habeas corpus. After conducting an evidentiary hearing on March 28 and April 5, 1985, the district court found that Johnson was the same person charged with the crime of murder in Texas and was a fugitive from that state, that the requisition documents substantially charged Johnson with having committed the crime of murder in the state of Texas, and that the requisition documents were properly authenticated by the executive authority of the state of Texas. The district court ordered Johnson's extradition.

On appeal Johnson claims that the documents accompanying the Texas requisition did not substantially charge him with a crime because the copy of the indictment contains no proof that grand jury proceedings were actually held in the state of Texas and because there was no authentication of the signature and the authority of the person who signed the indictment as foreperson of the grand jury. We find no merit in Johnson's claim.

The question of the authenticity of the documents accompanying the requisition is "one for the determination of the Governor of the demanding state, and his certification of that fact is all that is required." *Burnette v. McClearn,* 162 Colo. 503, 505, 427 P.2d 331, 332 (1967). In this case the governor of the state of Texas signed the requisition and certified the attached indictment as an authentic copy of the original. There is not a scintilla of proof in this record that the Texas indictment was spurious or that it did not substantially charge Johnson with the crime of murder under Texas law. In the absence of such proof, the Texas governor's authentication of the indictment was sufficient to support the extradition order. *Cates v. Sullivan,* 696 P.2d 322 (Colo.1985); *Griffith v. Nelson,* 647 P.2d 228 (Colo.1982); *Clark v. Leach,* 200 Colo. 151, 612 P.2d 1130 (1980); *Byers v. Leach,* 187 Colo. 312, 530 P.2d 1276 (1975).

The judgment is affirmed.