FERGUSON, Judge
(dissenting).
The order granting the appellee’s Petition for Writ of Habeas Corpus should be reversed and the cause remanded to the trial court with instructions to return the defendant to the State of California. The extradition documents, which were accompanied by an Abstract of Judgment executed by the Los Angeles County Clerk of Superior Court, satisfied the requirements of 18 U.S.C. § 3182 (1985),[1] which implements the Extradition provision of the United States Constitution. The California extradition documents also satisfied the letter of California law and the spirit of section 941.03, Florida Statutes (1989).
The State of California authorizes an Abstract of Judgment as prima facie evidence of a conviction and sentence. The California statute states:
When a probationary order or a judgment, other than of death, has been pronounced, a copy of the entry of that portion of the probationary order ordering the defendant confined in a city or county jail as a condition of probation, or a copy of the entry of the judgment, or, if the judgment is for imprisonment in a state prison, either a copy of the minute order or an abstract of the judgement as provided in Section 1213.-5, certified by the clerk of the court, or by the judge if there is no clerk, shall be forthwith furnished to the officer whose duty it is to execute the probationary order or judgment, and no other warrant or authority is necessary to justify or require its execution.
Cal. Penal Code § 1213 West (1990). [Emphasis added.]
First, the validity of the affidavit here should be determined by California law. State ex rel. Treseder v. Remann, 165 Wash. 92, 4 P.2d 866 (1931). Further, the California statute does not conflict with Florida law since there is no language in the Florida statute which requires that any particular individual execute the affidavit or judgment accompanying extradition materials.
Section 941.03, Florida Statutes (1989) reads:
No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing .., and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sen *222 tence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole ... and the copy of indictment, information, affidavit, judgment of conviction, or sentence must be authenticated by the executive authority making the demand.
[Emphasis added.] An Abstract of the Judgment signed by the clerk of the California court clearly meets the mandate of section 941.03.
In my view, Britton v. State, 447 So.2d 458 (Fla. 2d DCA 1984), relied on by the majority, was incorrectly decided. Its attempt at technical exactitude defeats the summary nature of extradition proceedings. See State v. Soto, 423 So.2d 362 (Fla.1982) (the purpose of interstate extradition is to furnish expeditious and summary procedure for bringing suspects to trial in the state in which the alleged offense was committed).
Other jurisdictions addressing this issue accept the validity of a judgment in the absence of the sentencing judge’s signature. In Smedley v. Holt, 541 P.2d 17 (Alaska 1975), the State high court held that it would recognize a clerk’s abstract of judgment in California extradition materials which was valid under California law. See also Burnette v. McClearn, 162 Colo. 503, 427 P.2d 331 (1967) (judge’s signature not necessary in North Carolina extradition documents where documents were authenticated by Governor’s office).
The role of the judiciary in habeas corpus proceedings has been limited to a determination that the jurisdictional prerequisites to the issuance of the warrant exist. Moore v. State, 407 So.2d 991 (Fla. 3d DCA 1981). The strict limitation on judicial examination of extradition papers is to “preclude any state from becoming a sanctuary for fugitives from justice of another state and thus ‘balkanize’ the administration of criminal justice among the several states.” Michigan v. Doran, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).
With the majority decision, we have essentially declared invalid a valid California extradition law that has been upheld by an Alaska high court — the very same balkani-zation which the United States Supreme Court said should be avoided.

. 18 U.S.C. § 3182 (1985) provides:
Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate oí the State of Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority making such demand or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear.