Argued and submitted December 10, 1984, affirmed in part, reversed in part, and remanded March 20, reconsideration denied May 10, petition for review allowed July 2, 1985 (299 Or 443)

## STATE OF OREGON,
*Appellant,*

*v.*

## JOEL DEAN BENNETT,
*Respondent.*

(C8311 35425; CA A31588)

697 P2d 213

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Richard Lee Barton, Portland, argued the cause for respondent. With him on the brief was Jan Peter Londahl, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The state appeals a trial court's pretrial order suppressing physical evidence. The issue is whether the search of the passenger compartment and trunk of defendant's car was lawful. We conclude that the search of the passenger compartment was lawful but that the search of the trunk was not. Therefore, we affirm in part and reverse in part.

About an hour before defendant's arrest, a confidential, reliable informant told police that three men had about 10 pounds of marijuana in their car that they were trying to sell. He described the men and their car and said that he had seen the marijuana in the car trunk.

Police stopped a car matching the informant's description. Defendant was driving. Officer Galloway, who made the stop, smelled the odor of smoked marijuana and the "very powerful odor of cut marijuana." He asked defendant to get out of the car. Defendant refused and reached for something between the seats. Galloway then ordered him from the car and searched him for weapons. A large wad of cash was found in his pocket. He was handcuffed and placed in a police car. Beach, a passenger, was then searched. A small plastic bag of marijuana was found in his pocket. Beach and another passenger were handcuffed and placed in police cars.

Officer Larsen then told defendant that the police had probable cause to believe that he possessed a large quantity of marijuana. He asked for consent to search the car. Defendant denied that the car contained any marijuana, and he refused consent to search. Defendant's refusal notwithstanding, officers searched the passenger compartment. Papers and a notebook found on the rear floor were seized.[1] A suitcase found in the back seat was opened. It contained a pistol. The locked car trunk was then opened. It contained two military-type footlockers, a backpack, two knapsacks, a briefcase, a bag and a sack. They were opened. Another pistol, cocaine, marijuana and cash were found in various containers. Defendant was later charged with two counts of possession of a controlled substance. ORS 475.992.

---

[1] The papers and the notebook were described by the officers as containing drug transaction information.

The trial court found:

"The officers had probable grounds [sic] to make the stop, take the defendant into custody, and to seize the automobile.

"* * * * *

"With the information obtained from the informant along with the odor of smoked marijuana and green marijuana, plus their investigative experience, Officers Larsen and Werner had probable cause to believe the automobile contained concealed contraband."

The court also found that "no exigent circumstances existed." Defendant concedes that there was probable cause to search the car. The state concedes that there was no exigency.

Relying on *State v. Lowry,* 295 Or 337, 667 P2d 996 (1983), the court concluded that the entire search was unconstitutional under the Oregon Constitution because there was time for the officers to get a search warrant. All the evidence found in the car was ordered suppressed. The state contends that that was error, because the car was properly searched incident to arrest.

■ A search incident to arrest is permissible if it is related to the crime for which the defendant is arrested and it is reasonable in time, scope and intensity. *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982).

In *State v. Gordon,* 71 Or App 321, 692 P2d 618 (1984) *rev den* 298 Or 705 (1985), we held that the warrantless search of the passenger compartment of the defendant's van, including closed containers found therein, was permissible incident to his arrest for possession of a controlled substance. The search was reasonable, because the police had probable cause to believe that controlled substances were hidden in the van and because that probable cause was the basis for the defendant's arrest.

In *State v. Martin,* 71 Or App 1, 691 P2d 154 (1984), we held that, although the warrantless search of the interior of defendant's car was a permissible search incident to arrest, the warrantless search of the trunk of his car was impermissible. There, after the defendant was stopped as a burglary suspect, he was arrested for failure to display an operator's license and for giving a false name. When the defendant got out of his car, the arresting officer saw marijuana in plain view

the driver's seat. A search of the defendant's person produced a watch that was stolen in the burglary. The officer then searched the passenger compartment and the trunk of the defendant's car, where incriminating evidence was found and seized. We explained:

> "Although the search of defendant's trunk for marijuana could be related to the reason for arrest, the scope of that search was not reasonable. The warrantless search of the interior of defendant's car was a permissible search incident to arrest. However, the opportunity to obtain a warrant is an important factor in evaluating the permissible scope of a warrantless search. *State v. Lowry, supra,* n 1; *State v. Chinn,* 231 Or 259, 273, 337 P2d 392 (1962). Once the police reach a logical stopping point in the course of a search incident to arrest, they must seek a warrant, *State v. Flores,* 68 Or App 617, 685 P2d 999, *rev den* 298 Or 151 (1984), and that point was reached before the search of the trunk. Defendant was in custody, and there was nothing to indicate that any evidence that might be in the trunk was in jeopardy." 71 Or App at 6.

■ The search of the passenger compartment of defendant's car was permissible incident to his lawful arrest for possession of the contraband in the passenger compartment that the officer had probable cause to believe was present. The search of the passenger compartment, including the opening of the suitcase found in the back seat, was related to the crime for which defendant had been arrested, possession of a controlled substance. The search was reasonable in time, scope and intensity. *See State v. Gordon, supra; State v. Martin, supra; State v. Kirsch,* 69 Or App 418, 686 P2d 446, *rev den* 298 Or 151 (1984); *State v. Flores, supra.*

■■ The fact that defendant was already in custody does not affect the legality of a search. *See State v. Caraher, supra; State v. Kirsch, supra; State v. Fesler,* 68 Or App 609, 614, 685 P2d 1014, *rev den* 297 Or 547 (1984).[2] Further, the search of

---

[2] The trial court's reliance on *State v. Lowry, supra,* is misplaced. In *Lowry,* the Supreme Court explained the distinction between it and *State v. Caraher, supra:*

> "Here, the pill bottle was seized in the course of arresting the defendant for a crime with which the bottle had nothing to do. This is the decisive distinction between this case and *Caraher* * * *."

The search and seizure in *Caraher,* like those in the passenger compartment of defendant's car here, were closely related to the crime for which the defendant was arrested and, thus, were lawful under the search-incident-to-arrest rule. On its face, *Lowry* is inapposite.

the passenger compartment and the opening of the suitcase did not violate his Fourth Amendment rights. *United States v. Ross,* 456 US 798, 102 S Ct 2157, 72 L Ed 2d 572 (1982); *New York v. Belton* 453 US 454, 101 S Ct 2860, 69 L Ed 2d 768 (1981). Therefore, the trial court erred in suppressing evidence seized as a result of the search of the passenger compartment.

We conclude, however, that the warrantless search of the trunk violated Article I, section 9, of the Oregon Constitution. *State v. Martin, supra; State v. Kirsch, supra; State v. Flores, supra.* When a search reaches a logical stopping point, the right to search incident to arrest ends, and a warrant must be obtained before the search proceeds further. Here, the logical stopping point occurred after the search of the passenger compartment. The state concedes that there was no exigency which might have justified a search of the trunk at the time. Therefore, the evidence found in the trunk was properly suppressed.

Affirmed in part; reversed in part; and remanded.