Argued and submitted October 29, 1984, reversed and remaded for new trial
April 17, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# WILSON WEAVER WAGGONER,
*Appellant.*

(139,113; CA A32228)

698 P2d 525

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He assigns as error the trial court's denial of his motion to suppress marijuana that the police found in a warrantless search of the trunk of his car while it was in a police impound lot. We reverse.

The historical facts are not in dispute. Officer Pecyna stopped defendant for speeding. As he approached defendant's car, Pecyna smelled the odor of burning marijuana. He asked defendant if he had been smoking marijuana. Defendant responded affirmatively but denied that there was any other marijuana in the car. Pecyna saw a cookie canister on the floor of the front seat and asked what was in it. Defendant opened the cannister and handed it to Pecyna. It contained marijuana, syringes and spoons. Pecyna testified that one spoon had a white powder residue and smelled like cocaine. Pecyna read defendant his *Miranda* rights, searched the passenger compartment of the car and discovered other marijuana, syringes and spoons.

Pecyna asked defendant if he had a key to the trunk of his car. Defendant said that he did not. The officer handcuffed defendant and placed him in the back of the patrol car. A tow truck took defendant's car to the police impound lot. The officer took defendant to the Marion County jail, where he was searched and jailed. During the search, an officer found the key to the car trunk in defendant's hatband. Pecyna took the key, went to the impound lot and unlocked and opened the trunk of the car without a warrant. He found a partially open suitcase, smelled a strong odor of marijuana and saw cellophane wrappings that contained marijuana sticking out of the suitcase.

Because we conclude that the search of the trunk violated Article I, section 9, of the Oregon Constitution, we do not consider its validity under the Fourth Amendment. *See State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983). The state does not claim that the search was an inventory search. It asserts that the trunk search was incident to a valid arrest for a possession offense. The search was not necessary to protect the officer or to prevent the destruction of evidence. A warrantless search, however, may be justified as incident to an arrest if it is related to the crime for which the defendant is

arrested and if it is reasonable in time, scope and intensity. *State v. Caraher,* 293 Or 741, 759, 653 P2d 942 (1982); *State v. Chinn,* 231 Or 259, 373 P2d 392 (1962).

■■  Although the search of the trunk of defendant's car was related to the crime of possession of marijuana, Article I, section 9, requires a search incident to arrest to stop when it reaches a logical stopping point. *State v. Bennett,* 72 Or App 733, 697 P2d 213 (1985); *State v. Ridderbush,* 71 Or App 418, 692 P2d 667 (1984); *State v. Martin,* 71 Or App 1, 691 P2d 154 (1984); *State v. Kirsch,* 69 Or App 418, 686 P2d 446, *rev den* 298 Or 151 (1984). At the time of the search, defendant and his car were in police custody and had been removed from the place of the arrest. The police had already searched the passenger compartment of the car and had found controlled substances. Without deciding whether the trunk search was otherwise reasonable in time or scope, the right to search incident to defendant's arrest had ended. A logical stopping point had arrived and a warrant was required to search further.

■  The state also asserts as an independent ground to justify the search of the trunk that there was probable cause and practical necessity for it. The police had probable cause to search the trunk on the basis of the discovery of controlled substances in the passenger compartment, defendant's evasive answer regarding the trunk key and the subsequent discovery of that key. There was, however, no practical necessity to search the trunk without a warrant. While proceeding to the impound lot to open the trunk, Pecyna received a radio message that defendant had a large amount of money in his boot and was "in a real hurry" to get out of jail. The officer inferred that defendant could make bail and then retrieve his car. The state argues from this that a warrantless search was necessary to prevent the destruction of evidence. We disagree.

Defendant had not yet been arraigned and had not posted bail. The police do not have a practical necessity to search without a warrant simply because a defendant may have the means to post bail and at some time in the future may be released on bail. Here, the police had control of the car and a reasonable opportunity to obtain a search warrant before

searching the trunk. Their failure to do so renders the warrantless search unlawful. The court erred in refusing to suppress evidence of the marijuana seized from the trunk.

Reversed and remanded for a new trial.